This appeal involves the validity of the dismissal of a permanent employee of Mobile County.
Mr. Johnson, the employee, had worked for the Mobile County Youth Center (center) for seven years. He was a detention officer whose duties included the supervision of the juveniles in all areas of the center. His first responsibility was to prevent the juveniles from injury, or from abusing one another, which requires much careful observation. A detention officer's other duties were to prevent escapes and to work and to talk with the juveniles in an attempt to contribute towards their rehabilitation. Additionally, Mr. Johnson frequently manned the center's master control station where the transmissions from video and audio devices which are located throughout the center are received. The master fire switch and emergency radio are also located at the master control station. That fire switch notifies the fire department and opens doors at the center in the event of a fire. The emergency radio scans weather reports. Injuries to juveniles and employees can occur if the employee who mans the master control center is inattentive or nonobservant, or fails to exercise good judgment.
By a memorandum dated February 4, 1983, the superintendent of the center requested of Judge Butler, the employee's appointing authority, that a predisciplinary hearing be held because Mr. Johnson had been absent without leave and because he had again exhibited symptoms of mental illness. On February 9, 1983 Judge Butler, the appointing authority, gave the following notice to the employee:
 "Due to your absence without leave since February 2, 1983, and your incapacity due to mental disability to perform the duties of Youth Detention Officer as evidenced by your recent conduct at work and your commitment by the Probate Court of Mobile County, Alabama to a hospital for evaluation of mental illness, you are hereby notified that your employment at the Mobile County Youth Center is terminated and you are dismissed as an employee effective this date. You are also given notice that you have the right to an evidentiary hearing concerning this action within twenty-eight (28) days of this action."
On March 1, 1983 the appointing authority notified the employee that an evidentiary hearing would be held in the judge's office on March 7, 1983 in accordance with the employee's desire. The employee appealed to the Mobile County Personnel Board (board) on March 1, 1983. There is nothing in the record as to what happened *Page 925 
to the hearing before Judge Butler, but both sides are in agreement that the hearing was not held. The employee was given a prior notice of a full scale evidentiary hearing before the board, which was held on March 24, 1983, with the employee and his counsel being present. At no time between the filing of his notice of appeal on March 1, 1983 and the entry of the board's written decision of April 4, 1983, did the employee raise any objection or question about a pretermination hearing not having been held by the appointing authority, or that there was a lack of due process, or that certain rules of the board had not been complied with. The board affirmed the dismissal of the employee with an express finding that the employee was guilty of being absent without leave and that he was clearly incapacitated due to mental illness.
The employee timely appealed to the circuit court, where the decision of the board was affirmed on April 4, 1984. Upon his present appeal from the circuit court to this court, the employee raises three issues. However, two of those issues are so entwined that we shall consider them jointly.
The employee contends that he was not afforded a predisciplinary hearing, as is required by rule 14.3 (a) of the rules of the board.
Among the grounds for the dismissal or suspension of a permanent employee as stated in the board's rules, are absence without leave and incapacity due to mental disability. Under rule 14.3 (a), due process in the form of a predisciplinary hearing must be provided by the appointing authority to a permanent employee before he may be dismissed or suspended. To that end, the employee must be given written notice of the reasons for the termination at least twenty-four hours before the predisciplinary hearing and the employee must be given the opportunity to respond orally or in writing to the charges before the appointing authority. The rule expressly provides that if a dismissal by an appointing authority is made without first according the predisciplinary hearing to an employee the dismissal shall be void and the board shall not recognize such a dismissal except in "extraordinary situations." Those extraordinary situations are defined in rule 14.3 (b) as including circumstances where an employee's retention would:
 "(1) [R]esult in damage to public property; (2) result in injury either to the employee, a fellow employee, or to the general public; and (3) where an employee is confined in jail or prison under a writ of arrest or other judicial process. In any such event, the Appointing Authority shall, nevertheless, furnish written notice to the employee of the specific reasons for termination or suspension within twenty-four (24) hours of such dismissal or suspension, and shall also be given an opportunity for an evidentiary hearing within twenty-eight (28) days of such action."
Thus, due process is provided in extraordinary situations by rule 14.3 (b) in substantially the same language as was stated in Thurston v. Dekle, 531 F.2d 1264 (5th Cir. 1976), as constituting due process.
Unless an extraordinary situation existed and rule 14.3 (b) was complied with, the board would have been forced by their own rules to ignore Mr. Johnson's discharge, for there was no predisciplinary hearing provided to him.
In view of the employee's duties and his mental illness and condition, which will be subsequently discussed, there was reasonable cause to believe that his retention would result in damage to the center's property or, more importantly, that it could foreseeably result in damage to himself, his fellow employees, or to the center's juveniles who were under his supervision. In other words, because of the nature of his duties and of his mental condition, an extraordinary situation existed.
The appointing authority timely furnished the written notice of February 9, 1983 to the employee and, at the employee's request, on March 1 set an evidentiary hearing for March 7, which was within twenty-eight days of his termination. That hearing was not held, for reasons which are not apparent from the record, but we *Page 926 
attribute it to the fact that on March 1, 1983 the employee appealed his dismissal to the board. All parties had notice of the hearing which was to be held by the board, had a reasonable time within which to prepare for the hearing, and had the opportunity to have witnesses subpoenaed to testify on their behalf at the hearing. On March 24, 1983 an extensive hearing was conducted by the board where the burden of proof rested upon the appointing authority. The employee was present with able counsel who cross-examined the center's witnesses and examined Mr. Johnson's witnesses. Ten witnesses testified, six for the appointing authority and four for the employee. His witnesses consisted of his physician, a clinical psychologist, the employee's wife, and the employee himself. The transcript of the testimony consumed one hundred eighteen pages, and the twenty-five exhibits appear on an additional sixty pages of the record. After considering all of the competent evidence, the board upheld the termination of Mr. Johnson's employment.
The purpose of the board's rule 14.3 is to provide due process to an employee before he is terminated. Mr. Johnson was given an opportunity for a timely posttermination hearing by his appointing authority within the prescribed time but, when he took his appeal to the board before that particular hearing could be held, his appeal waived the hearing before the appointing authority. A posttermination evidentiary hearing was held by the board after due notice to the employee, who had sufficient time to prepare, was represented by an attorney of his own choosing, and was granted every opportunity to be present and to present his case in detail. In short, due process was there fully provided to Mr. Johnson in every aspect and detail. An employee's posttermination hearing is sufficient to protect those property and liberty interests which merit due process protection. Best v. Boswell, 696 F.2d 1282 (11th Cir. 1983); Thurston v. Dekle, supra; Davis v. Vandiver,494 F.2d 830 (5th Cir. 1974). Generally in Alabama, a permanent employee can be discharged without a prior hearing as long as a postdischarge hearing is provided. Guthrie v. Civil ServiceBoard, 342 So.2d 372 (Ala.Civ.App. 1977).
Since the appointing authority validly considered the circumstances to be extraordinary and attempted to provide a posttermination hearing, which was waived by the employee's appeal, and since the hearing before the board comported with due process, we find no constitutional defect here. Upon the merits of these two combined issues, we find no error.
While we have written to the merits of these consolidated issues, we also determine that the record does not reflect that Mr. Johnson raised any question at any time before the board concerning either a lack of any hearing, pre or post, before his appointing authority, or any noncompliance by the appointing authority with the board's rule 14.3, or that he had not been afforded due process by the appointing authority. Accordingly, those issues were presented too late for the consideration of the circuit court or by this court. Guthrie v.Civil Service Board, supra.
The employee's final issue is whether the board acted in an arbitrary and capricious manner in affirming his discharge. Under the provisions of the same legislative act which created the board and which prescribed its powers, it was provided that, upon an appeal of a board decision to the circuit court, the findings of fact of the board are conclusive upon appeal if the findings were supported by substantial evidence which was adduced before the board, provided that procedural due process was afforded by the board to all parties (which proviso was met by the board in the matter). Local Acts of Alabama 1939, Act 470, p. 298. In construing that particular act and similar statutes, the courts have determined that the review by the circuit court is not de novo but, in effect, is certiorari. The circuit court examines only the external validity of the proceedings to see if the board's findings are supported by substantial evidence and, upon appeal from the *Page 927 
ruling of the circuit court, this court is also bound by the same board record and the substantial evidence rule. Guthrie v.Civil Service Board, supra; City of Mobile v. Personnel Board,57 Ala. App. 516, 329 So.2d 570 (Ala.Civ.App. 1976); Grant v.City of Mobile, 50 Ala. App. 684, 282 So.2d 285, cert. denied,291 Ala. 458, 282 So.2d 291 (1973).
The board utilized the February 9, 1983 notice to the employee from Judge Butler as being the charges against the employee.
The final order of the board first detailed the testimony of the various witnesses. Some mistakes of fact and erroneous statements as to some of the testimony of some of the witnesses are contained in those summaries. However, we do not find that aspect of the board's order to be so wrong as to constitute error. The order of the board made the following findings of fact at the conclusion thereof:
 "The Board has carefully considered all of the testimony adduced at the hearing, including exhibits offered into evidence and arguments of counsel. The testimony is without dispute that the employee has been suffering from mental illness for a number of years. Mr. Johnson's wife testified that she was aware of his mental condition when they married back in 1972, and that while he went for a number of years without any problems, his irrational behavior occurred again and she left him in September, 1982. Dr. Hunt and Dr. Van Rosen, both witnesses for the employee, testified in substance that he suffers from chronic depression and a paranoid type schizophrenia. The Prichard Police Officers testified concerning his irrational and erratic behavior when they found him on the street in early February, and his subsequent behavior in the Prichard City Jail. In addition to his mental illness, the record is clear that he was guilty of absence without leave on several occasions.
 "From all of the material evidence adduced at the hearing, there is no question that this employee has a great propensity for erratic and irrational mental behavior. Whether these episodes occur when Johnson fails to take his proper medication or not is not clear. What is clear, however, is that the Appointing Authority was justified in taking this disciplinary action against him. The burden of proof is upon the Appointing Authority. The Board is of the firm opinion that the Appointing Authority has clearly met that burden. The Board concludes from a careful review of all of the material evidence adduced at the hearing that this employee was guilty of being absent without leave and that he is clearly incapacitated due to mental disability.
 "Therefore, after giving careful and deliberate consideration to all of the material evidence adduced at the hearing, it is the DECISION, FINDING and ORDER of the Board that the action of dismissal heretofore imposed upon this employee, ROBERT G. JOHNSON, JR., be and the same is hereby, in all things, AFFIRMED."
We have carefully read, examined and studied the entire record of the hearing which was held before the board, and we pretermit detailing that evidence, since this would not be beneficial to anyone. Suffice it to say that, except for a discrepancy as to the year of their marriage (which occurred earlier than in 1972), the board's findings of fact are supported by substantial evidence, the board did not act in an arbitrary and capricious manner, and the board's action in affirming Mr. Johnson's discharge from his employment should not be disturbed.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 928