Mary McClinton WARDWELL, on behalf of herself and all persons similarly situated, Plaintiff-Appellee,

v.

The SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA and Thomas J. Mills, Superintendent of Public Schools for Palm Beach County, Defendants-Appellants.

No. 85-5516.

United States Court of Appeals, Eleventh Circuit.

April 22, 1986.
Opinion on Rehearing May 23, 1986.

Barbara A. Brown, Washington, D.C., R. Lawrence Ashe, Jr., Paul, Hastings, Janofsky & Walker, Atlanta, Ga., for defendants-appellants.

Larry Klein, Jose M. Sosa, Sidney M. Dubbin, W. Palm Beach, Fla., for plaintiff-appellee.

Before HILL and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Wardwell filed this action against her employer, the School Board of Palm Beach County, Florida and Thomas J. Mills, Superintendent of Schools, charging that they discriminated against her because of her sex in violation of Title VII of the Civil Rights Act of 1964.[1] Wardwell's complaint alleged that the School Board and Mills wrongfully denied her a promotion to the position of Acting Director of Transportation for the school system and that they constructively discharged her from her position as Assistant Director of Transportation.

A bench trial was held in the United States District Court for the Southern District of Florida. The trial judge found that (1) Wardwell had "established a prolonged, persistent and pervasive pattern of discrimination against women in the thirty-two administrative high-level, non-instructional positions of Assistant Director or higher in Defendant's hierarchy," (2) that the School Board and Mills intentionally discriminated against Wardwell in selecting a man for the position of Acting Director of Transportation, and (3) that appellants' treatment of Wardwell and her subsequent resignation amounted to a constructive discharge. Record on Appeal, vol. 1 at 20–29. The district court ordered that Wardwell be immediately returned to her position as Assistant Director of Transportation and awarded her back pay, costs, and attorney's fees.

The School Board and Mills now appeal this decision, claiming that the district

Richard L. Oftedal, Abbey G. Hairston, West Palm Beach, Fla., Patrick W. Shea,

1. This opinion sometimes refers to both appellants collectively as the "School Board" or the "Board."

court's findings of a pattern of discrimination, intentional discrimination, and constructive discharge are all clearly erroneous. We conclude that the pattern of discrimination finding and the constructive discharge finding are clearly erroneous. We vacate the intentional discrimination finding and remand.

## I. DISCUSSION

### A. *Pattern of Discrimination*

The School Board and Mills claim that the district court's finding that a pattern of discrimination against women existed in the Palm Beach County school system is clearly erroneous. We need not decide whether the evidence is sufficient to support this finding. Wardwell has conceded on appeal that the evidence did not support such a finding.

### B. *Intentional Discrimination*

■ The district court found that Wardwell had satisfied her burden of making out a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 95 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The School Board does not challenge that finding on appeal. Thus, the burden shifted to the School Board "to articulate some legitimate, nondiscriminatory reason" for its actions. *Id.* at 802, 93 S.Ct. at 1824. The School Board advanced three reasons for the failure to promote Wardwell to the position of Acting Director. These reasons were: (1) that Superintendent Mills followed a policy of not appointing anyone to an acting position if that person might be a candidate for the permanent position; (2) that the investigation of wrongdoing in the Transportation Department was still continuing at the time Goode was appointed; and (3) that Superintendent Mills did not want to appoint anyone within the Transportation Department as Acting Director because of the way such a choice might be perceived by other employees and the public in light of the intense publicity concerning the investigation. The district court found that the Board's reasons were pretextual and that the Board intentionally discriminated against Wardwell in failing to appoint her Acting Director. The issue on appeal relates to the district court's analysis of these three reasons and its finding that they were pretextual.

We decline the School Board's invitation to reverse this finding as clearly erroneous. However, several factors persuade us that the district court's finding of intentional discrimination must be vacated and the case remanded. First, we are not satisfied that the trial judge's erroneous finding of a pattern of discrimination did not influence his conclusion that the School Board intentionally discriminated against Wardwell. Thus, a remand is necessary for a redetermination of the intentional discrimination issue in light of this court's finding that the pattern of discrimination finding is clearly erroneous.

The second factor prompting our remand decision relates to the district court's handling of the School Board's argument that they declined to appoint Wardwell as Acting Director because of the public's perception of such a choice. The district court rejected this reason in conclusory fashion as "lack[ing] any support in fact or logic." Record on Appeal, vol. 1 at 28. However, the record contains an ample factual basis to support this reason. Furthermore, it comports with logic and common sense that the general public might frown upon appointing the Assistant Director when the Director himself has just been relieved of duty under a widely publicized cloud of suspicion. We conclude that the district court was clearly erroneous in rejecting this reason as lacking in any support in fact or logic.

Third, we vacate and remand the intentional discrimination finding because the district court's primary reason for rejecting another of the School Board's proffered explanations is clearly erroneous. The School Board asserted that one reason Wardwell was not promoted to Acting Director was that the investigation of the Transportation Department was still continuing. The district court rejected this reason because "the final report of the investigation had been completed and turned over to the State Attorney's Office" over a month before the personnel decision. Record on Appeal, vol. 1 at 28. However, the record evidence is overwhelming that the investigation was in fact continuing. We thus conclude that this subsidiary find-

ing also is clearly erroneous. It is true that there is no evidence that Wardwell was suspected of wrongdoing at the time of the personnel decision. However, it is also true that the investigation was ongoing. It would not have been unreasonable for the School Board to decline to appoint anyone in that Department while the investigation was continuing; such a reason obviously does not constitute discrimination. If in fact this was the reason that the School Board did not appoint Wardwell, then Wardwell's claim of discrimination would fail.

Finally, since the district court must on remand address the intentional discrimination issue *ab initio* in any event, we direct that the court also address again the School Board's other asserted reason, i.e., the alleged new policy of not appointing anyone to an acting position who might fill the permanent position. We request that the district judge make an explicit finding whether or not Superintendent Mills did in fact have such a policy, whether formal or informal, written or oral, known widely or not; and whether or not such policy, if it did exist, was a factor in Superintendent Mills' decision.

Thus, on remand the district court shall make new findings of fact and conclusions of law on the intentional discrimination issue, taking the foregoing matters into particular attention.

## C. *Constructive Discharge*

■ The law in this circuit with respect to constructive discharge is well established. To show constructive discharge, the employee must prove that his working conditions were so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. *Bourque v. Powell Electrical Manufacturing Co.*, 617 F.2d 61, 65 (5th Cir.1980); *Young v. Southwestern Savings & Loan Ass'n*, 509 F.2d 140, 144 (5th Cir.1975).[2] The constructive discharge issue, being a question of fact, is subject to the clearly erroneous standard of review. *See Buckley v. Hospital Corporation of America*,

758 F.2d 1525, 1530–31 (11th Cir.1985) (treating constructive discharge as a question of fact for the jury to decide); *see also Pullman-Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) (discussing the distinction between questions of law and questions of fact). Although there is evidence to support the district court's finding of constructive discharge, because our review of the evidence leaves us with the definite and firm conviction that no reasonable person in Wardwell's position would have felt compelled to resign, we hold that the district court's finding that Wardwell had been constructively discharged is clearly erroneous. *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

The trial judge, in his written findings, offered some factual support for his conclusion that Wardwell had been constructively discharged. The district judge pointed out that Wardwell was qualified for the Acting Director position whereas Goode was not, and that Wardwell was given an inadequate explanation of the personnel decision. Record on Appeal, vol. 1 at 28. While the foregoing may be some evidence of discrimination, and while a discriminatory refusal to promote would be relevant to the issue of whether Wardwell was constructively discharged, such evidence is not always sufficient to support a finding of constructive discharge. *See Bourque*, 617 F.2d at 65–66.

In addition to the foregoing evidence of discrimination relied upon by the district court, Wardwell also argues on appeal that she was overburdened with work after Goode was appointed Acting Director. This extra burden was in part the result of Goode's inexperience with transportation matters and in part due to Wardwell's already heavy workload. Although we are satisfied that Wardwell was required to take on additional duties after Goode's appointment, we note that even then she was

---

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**1558**

working from 8 a.m. to 6:30 p.m. five days a week. There is no evidence in the record to suggest why the necessity to work these hours during the transition period here involved would pose an intolerable burden.

After a careful review of this record, taking into consideration the specific evidence in this record from which it may or may not be inferred that the failure to promote Wardwell was discriminatory, and taking into consideration the above mentioned working conditions in her existing job, we have a definite and firm conviction that discrimination of this nature and working conditions of this nature cannot constitute the intolerable working conditions necessary to prove a constructive discharge. While Wardwell may have been frustrated by her failure to be appointed Acting Director, and while this may have been a matter of some embarrassment to her, these facts, together with her added workload, simply do not rise to the intolerable level at which a reasonable person would feel compelled to resign. Thus, we conclude that the district court's finding on the constructive discharge issue is clearly erroneous.

## II. CONCLUSION

Having reviewed the record designated for appeal and the applicable law, we hold that the district court's finding of a pattern of a discrimination and its finding that Wardwell was constructively discharged are clearly erroneous. We vacate the portion of the district court's opinion regarding intentional discrimination and remand this issue for further proceedings not inconsistent with this opinion.

REVERSED in part, VACATED in part, and REMANDED with instructions.

### On Petition for Rehearing

On April 22, 1986, this court issued a decision reversing as clearly erroneous the district court's findings that appellants, the School Board of Palm Beach County, Florida and Superintendent Thomas J. Mills (collectively "the School Board") had engaged in a pattern and practice of discrimination and had constructively discharged Mary Wardwell. We also vacated the district court's finding that the School Board had in-

tentionally discriminated against Wardwell and remanded this issue for further proceedings.

The School Board has moved to clarify our disposition of this case with respect to the district court's injunction requiring the School Board to reinstate Wardwell as Assistant Director of Transportation. Our conclusion that the district court was clearly erroneous in finding a constructive discharge necessarily means that the injunction requiring reinstatement must be vacated.

The petition for rehearing is GRANTED to the extent that our previous opinion is amended to specify that the injunction requiring reinstatement is VACATED.