This is an unemployment compensation case.
The employee was a registered nurse and was employed by the Mobile County Health Department (Health Department). The Director or Health Officer, Dr. Stumpe, terminated Nowell's employment without a prior hearing after she was arrested for the possession of marijuana, a felony offense. She appealed to the Mobile County Personnel Board (Personnel Board), which determined that any due process defect by the Director in not holding a pre-termination hearing had been cured by the Personnel Board's full evidentiary hearing on the merits. The Personnel Board directed by its order of Thursday, April 5, 1984, that Nowell be reinstated to active duty with all back pay. That order provided that it would not prevent appropriate disciplinary measures from being imposed if the employee was later convicted of the pending criminal charge against her. Apparently *Page 469 
Nowell returned to work on Monday, April 9, 1984. She tendered her written resignation dated April 9, 1984, effective April 23, 1984, the reason therefor being stated in the resignation that she intended to continue with her education. Her resignation was accepted.
Nowell later applied for unemployment compensation. The final administrative result was a decision of the Board of Appeals of the Department of Industrial Relations that Nowell left her employment voluntarily and with good cause connected with her work and that she was entitled to draw unemployment compensation. The Health Department appealed to the circuit court and filed its motion for a summary judgment, a copy of her written resignation from her employment being attached thereto. Nowell's affidavit in opposition to a summary judgment stated that the grounds for her resignation were as follows:
 "On April 9, the day that I tendered my resignation, Dr. Stumpe refused to sign my pay check because he was contemplating taking an appeal of the Personnel Board's order. I resigned because Dr. Stumpe had refused to sign my paycheck for the back pay which the Personnel Board had ordered the County to pay me, because I had the possibility of a civil suit hanging over my head by my own employer, and because the situation had become untenable. Although I did receive my pay check the next day because of my own insistence, I did not feel that I could work for the County Health Department any more under the circumstances. I did state my reason for leaving to be the furtherance of my education; however, the real reason I resigned was because of the attitude of the Director of the Health Department, Dr. Alfred Stumpe toward paying me my rightful pay and toward continuing with further litigation against me. If this had not happened, I would have stayed on at the Health Department."
The trial court granted the motion of the Health Department for a summary judgment, and Nowell appealed.
We must accept the facts in Nowell's affidavit as being true. An employee is disqualified for unemployment compensation benefits if she left her work voluntarily without good cause connected with her work. § 25-4-78(2), Code of Alabama 1975. If an employee voluntarily left her employment, the burden is upon the employee to show that she had good cause connected with her work for leaving her employment.Henderson v. Department of Industrial Relations,252 Ala. 239, 40 So.2d 629 (1949). Here, there was no dispute that Nowell voluntarily resigned. The question is whether her affidavit contained facts which establish that her voluntary resignation was due to good cause relating to her work.
Nowell contends in her affidavit, and in her brief through able counsel, that her real reasons for leaving her job were that the Director had suspended her without a due process hearing, that he had not signed her paycheck on the first day that she returned to work after being ordered reinstated to her job by the Personnel Board, that there was a possibility that her employer would appeal the April 5, 1984 decision of the Personnel Board to the court system, and that her position had become "untenable." We shall examine each of those reasons to ascertain as a matter of law if, after considering the facts in the affidavit to be true, they constitute good cause connected with her work for her resignation.
The hearing for Nowell before the Personnel Board, at which both sides were represented by counsel and given the opportunity to present evidence and to cross-examine witnesses, was sufficient to cure any pre-termination due process defect.Johnson v. Mobile County Personnel Board,459 So.2d 923 (Ala.Civ.App. 1984). It is also noteworthy that Nowell tendered her resignation after she had been reinstated to her job. *Page 470 
The payment of Nowell's back wages was made only three working days after she was reinstated and it was given to her on the second working day after she returned to work. As a matter of law, the payment within such a short time frame was not unreasonable and did not constitute good cause for her resignation.
After the Personnel Board entered its holding of April 5, 1984, the Health Department had a right to a review thereof by certiorari. Johnson, 459 So.2d at 926. Every successful party faces the possibility that a losing party will seek a court review of an adverse decision by appeal or extraordinary writ. They have that right. Consequently, the fact that the Health Department might have been considering "continuing with further litigation" against Nowell does not constitute good cause for her resignation.
The averment in Nowell's affidavit that "the situation had become untenable" was an unauthorized conclusion, as the affidavit did not contain sufficient facts to justify such a conclusion. Opposing affidavits to motions for a summary judgment must set forth such facts as would be admissible in evidence. Rule 56(e), A.R.Civ.P. Bare conclusionary facts in an affidavit cannot be utilized in summary judgment proceedings. 10A C. Wright, A. Miller M. Kane, Federal Practice andProcedure, § 2738, at 486 (1983). That conclusion could not be considered in ruling upon the summary judgment motion.
In short, Nowell's contentions as a matter of law do not constitute good cause connected with her work so as to justify her drawing unemployment compensation benefits in view of her voluntary resignation from her position. § 25-4-78(2), Code 1975. The judgment of the trial court in granting a summary judgment in favor of the Health Department is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.