INGRAM, Judge.
The employee, Van Roosevelt Smith, was terminated from his position at Holman Prison as Correctional Officer I with the Alabama Department of Corrections on March 31, 1986, effective April 4, 1986. The dismissal was pursuant to an incident on December 12, 1985, when the employee failed to allow a search of his person conducted by officials at Holman Prison after being suspected of bringing marijuana into the prison. The employee appealed his termination to the Alabama State Personnel Board. The appointed hearing officer heard the case on the question of whether the employee was guilty of “[fjailure to submit to a personal search when required by proper authority.”
The pertinent provision of the Department of Corrections is Regulation 207, Par. Ill — 14, which states:
“Officers and employees of the Department of Corrections must submit to personal search whenever required by proper authority. This search may also be extended to a search of your personal property and vehicle located on Department of Corrections owned property or state-owned property.”
The employee, upon securing his employment in 1984 with the Department of Corrections, signed the following statement:
“I understand that an administrative condition of employment with the Alabama Board of Corrections is that I must submit to personal search whenever required by proper authority and that the search may also be extended to a search of my personal property and vehicle located on Board of Corrections owned property or state-owned property and hereby knowingly and willingly do consent to these conditions.”
The hearing officer found that the search in question could have been properly conducted if there was “a reasonable suspicion that the employee was bringing contraband into the prison.” He further found that reasonable suspicion existed and recommended that the termination of the employee be upheld. The Personnel Board accepted the recommendation of the hearing offi *37 cer and sustained the dismissal of the employee. The trial court entered its final order on June 19, 1987, denying the employee’s motion for summary judgment, granting the Personnel Board’s motion for summary judgment, and affirming the Board’s decision.
The employee contends that the circuit court incorrectly applied the standard when reviewing the order of the Personnel Board. The appropriate standard to be applied by the circuit court to the Personnel Board’s order is whether the Board’s judgment is supported by substantial legal evidence. City of Mobile v. Seals, 471 So.2d 431 (Ala.Civ.App.1985). This standard also applies to this court in appellate review. Johnson v. Mobile County Personnel Board, 459 So.2d 923 (Ala.Civ.App.1984).
Our careful review of the record leads us to conclude that there was substantial legal evidence to support the Personnel Board’s decision. The officials at the prison had received information that the employee was bringing marijuana into the prison from at least one inmate who had proved to be reliable on other occasions. Thus there was reasonable suspicion cast on the employee. It seems that the employee allowed a personal search only of certain pockets and belongings and refused to allow a complete search when so ordered.
The employee raises one additional issue on appeal. That issue is whether it was lawful to discharge the employee for this, his first offense, due to his unblemished record of employment. The employee argues that his dismissal violated Rule 670-X-.02(5), Rules of the State Personnel Board, which provides:
“In all cases, before dismissing a permanent employee, the appointing authority shall consider the previous disciplinary and performance history of the employee and any prospective discipline received.”
This rule requires the appointing authority to consider the employee’s employment history; it does not prohibit the dismissal of the employee. The trial court properly upheld the Board’s finding that the employee was due to be dismissed, as reasonable justification existed for the decision to terminate. Sexton v. Tuscaloosa County Civil Service Board, 426 So.2d 432 (Ala.Civ.App.1983).
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.