581 So.2d 842 (1991)
B.M., who sues as next friend and mother of A.H., a minor child
v.
Dorothy CROSBY.
1900414.
Supreme Court of Alabama.
May 31, 1991.
Robert B. Roden of Roden & Hayes, Birmingham, for appellant.
Mark S. Boardman and Susan A. Smith of Porterfield, Harper & Mills, and Jack J. Hall of McDaniel, Hall, Conerly & Lusk, Birmingham, for appellee.
SHORES, Justice.
On March 1, 1989, B.M., the mother of A.H., a minor child, sued her child's teacher, the school principal, the child's school,[1] and the school board, alleging that A.H. had been molested by another student in the class while the teacher was out of the room; that the defendants had been negligent and wanton; and that their negligence and wantonness had allowed the molestation to occur. The students were enrolled in an E.M.R. (Educable Mentally Retarded) class.
The defendants denied the plaintiff's allegations of negligence and wantonness and filed motions for summary judgment. The trial court entered a summary judgment in favor of the principal and the school board on May 1, 1990. On November 1, 1990, the trial court entered a summary judgment in favor of the teacher, Dorothy Crosby. Before us is the plaintiff's appeal from the summary judgment for the teacher.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981).
Rule 56 is read in conjunction with the "substantial evidence rule" (Alabama Code 1975, § 12-21-12), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a *843 properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The teacher supported her summary judgment motion with substantial evidence that there was no genuine issue of material fact. On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, as in the present case, the burden shifts to the non-movant to show "substantial evidence" in support of his position. Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990).
We have carefully considered the record in this case, and we conclude that the plaintiff did not meet this burden. The trial judge correctly stated in his order entering summary judgment in favor of the defendant:
"Plaintiffs' `evidence' is limited to an affidavit of Douglas A. Stevens, Ph.D., who states that `leaving children alone for any length of time fails to meet the expected standard of care for mentally retarded students' and that it is reasonably foreseeable that mentally retarded students left alone may do injury to themselves or others.
"The usefulness of the affidavit is, at best, questionable. Rule 56(e) of the Alabama Rules of Civil Procedure states that `supporting and opposing affidavits shall be made on personal knowledge.' Bare conclusory [statements] in an affidavit cannot be used in summary judgment proceedings. See Norwell [Nowell] v. Mobile County Health Dept., 501 So.2d 468, 470 (Ala.Civ.App.1986); see also Bogle v. Scheer, 512 So.2d 1336 (Ala.1987). Therefore, these conclusions cannot be considered in ruling upon a summary judgment motion."
The judgment of the trial court is due to be affirmed. Eason v. Middleton, 398 So.2d 245 (Ala.1981).
AFFIRMED.
HORNSBY, C.J., and MADDOX and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring with the majority opinion and concurring specially).
Presiding Judge Charles R. Crowder, in his order entering the summary judgment for the defendant teacher, Ms. Dorothy Crosby, wrote:
"Shorn of their historic authority, often intimidated by unruly and violent elements, including their students, teachers in this state and country, in the opinion of this Court, are under siege. To hold them under the specter of lawsuits, as the result of unforeseen acts of violence or unforeseen accidents to students while under their care, would only unduly add to the evergrowing woes of many of the already harassed teachers of this country."
Amen and amen. The summary judgment should have been entered for Ms. Crosby; and Judge Crowder's sad, but sage, observation should be recorded, in hopes that the problem identified can be addressed by the powers that be.
NOTES
[1] The school was subsequently dismissed on the grounds that the school is not a separate entity from the school board.