Marilyn Kay Irons appeals from a summary judgment entered for Service Merchandise Company, Inc., on her claim that Service Merchandise had "constructively discharged [her] solely because she initiated and maintained [a] workmen's compensation action against it."
Viewing the evidence in the light most favorable to Irons, the nonmoving party, as required under our applicable standard of review,[1] we assume that the following occurred;
Irons began working for Service Merchandise in 1983. In July 1989, while manager of the jewelry department, she fell and injured her knee and required surgery. Because of her injury, she did not work for approximately three months; then, at her request, on October 31, 1989, she returned to work on a part-time basis. Thereafter, on November 7, 1989, she filed a worker's compensation action against Service Merchandise to resolve a dispute as to the total benefits due.[2] On November 11, 1989, with her doctor's permission, she returned to full-time employment with the same salary and the same benefits. On March 4, 1990, one week after her last performance evaluation and after a supervisor had warned her that she would be terminated if her performance did not improve, Irons resigned from Service Merchandise. Subsequently, on February 1, 1992, she sued Service Merchandise, alleging that Service Merchandise had "constructively discharged" her in violation of Ala. Code 1975, § 25-5-11.1, because she had filed a worker's compensation action against it. Service Merchandise moved for a summary judgment, which the trial court entered. Irons appeals. We affirm.
In Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364
(Ala. 1988), this Court recognized that an employee may state a cause of action under the anti-retaliation statute (§25-5-11.1) for constructive discharge. Except for Twilley, which is distinguishable from this case, no Alabama cases have been decided under the theory of "constructive discharge." However, "constructive discharge" is a well-established doctrine in federal courts reviewing employment discrimination claims and claims under the Fair Labor Standards Act. The general rule of "constructive discharge" is as follows:
 "[I]f the employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has encompassed a constructive discharge and is as liable for any illegal conduct involved therein as if it had formally discharged the aggrieved employee."
Jurgens v. EEOC, 903 F.2d 386, 390 (5th Cir. 1990), quotingYoung v. Southwestern Savings Loan Association, 509 F.2d 140,144 (5th Cir. 1975); see, also, Wardwell v. School Board,786 F.2d 1554 (11th Cir. 1986). See, also, Ala. Code 1975, §25-4-78(2) et seq., which disqualifies a claimant who voluntarily quits work without good cause. "Good cause" has been defined as reasonable cause that is material and substantial in light of the circumstances (i.e., when an employee's working conditions are so unreasonable or intolerable that a reasonable person would be forced to resign). See, e.g., State Department of Industrial Relations v.Nyco, Inc. of Alabama, 513 So.2d 650 (Ala.Civ.App. 1987);State Department *Page 296 of Industrial Relations v. Prance, 369 So.2d 289
(Ala.Civ.App. 1979).
On its motion for summary judgment, Service Merchandise made a prima facie showing that it had not retaliated against Irons, by presenting evidence to prove that Irons was allowed to return to the same position she had previously occupied, with no reduction in her pay or benefits; evidence that Irons's below average performance evaluations were attributable solely to her violations of company policy and her failure to perform her job satisfactorily, e.g., evidence that she had failed to properly supervise and motivate sales associates and had given poor customer service and evidence that Irons had received counseling on more than one occasion for violating company policy.
When the defendant made that prima facie showing, the burden then shifted to Irons to present substantial evidence that Service Merchandise had deliberately made her working conditions so intolerable that she was forced to resign.
Irons maintains that Service Merchandise's proffered reasons for giving her poor performance evaluations were merely pretextual. She maintains that the actual reason Service Merchandise gave her poor performance evaluations was that she sought to recover worker's compensation benefits. According to Irons, "there was sufficient evidence . . . based upon [her] sworn affidavit and [her] answers to interrogatories . . . to show that she was constructively discharged by . . . Service Merchandise for filing a workmen's compensation action."
From a thorough review of Irons's affidavit and the answers to her interrogatories, we find no evidence from which to infer that Irons was the victim of retaliatory treatment; no evidence that she was constructively discharged — no evidence from which to infer that after her return to work, Service Merchandise gave her below-average performance evaluations and that her supervisors criticized her work performance because she filed a worker's compensation claim against Service Merchandise; and no evidence from which to infer that Service Merchandise's actions subsequent to Irons's filing of her worker's compensation claim against Service Merchandise was anything other than good business and managerial practices. There was no evidence from which to infer that there was a connection between Irons's filing of a worker's compensation action against Service Merchandise, her resignation, and her allegation that Service Merchandise constructively discharged her. Rather, Irons's affidavit and her answers to interrogatories are merely conclusory statements, based upon speculation and conjecture, and as such, are insufficient, as a matter of law, to create a fact question so as to defeat Service Merchandise's properly supported motion for summary judgment. See Rule 56, A.R.Civ.P.; Riggs v. Bell, 564 So.2d 882
(Ala. 1990).
Without more, we must affirm the judgment for Service Merchandise.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] This case was filed after June 11, 1987; therefore, the applicable standard of review is the "substantial evidence" rule. See West v. Founder's Life Assurance Co. of Florida,547 So.2d 870 (Ala. 1989); see, also, Ala. Code 1975, § 12-21-12.
[2] Irons recovered approximately $4,000 in that action.