The plaintiff, Gloria Haygood, appealed from a summary judgment against her in her damages action against Wesfam Restaurants, Inc., d/b/a Burger King ("Burger King"), based on her claim that she had been wrongfully discharged from her employment. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. We affirm.
On January 20, 1992, while Haygood was working at Burger King, a piece of tile fell from the ceiling of the restaurant, striking her on the head and knocking her unconscious. She was taken to a hospital, where she regained consciousness; she was allowed to go home approximately three hours later. Within a week she returned to work, but for several months she consulted various physicians. She was ultimately hospitalized for a psychiatric evaluation.
According to Haygood, after certain members of the staff at Burger King learned that she had consulted a lawyer about her workers' compensation claim, they began to call her names, to curse her, and to otherwise use abusive language toward her. She asserted that her working hours were cut back and that she was assigned tasks that she had not performed before. She stated that on two occasions, a managerial staff member told her she was being fired, but then "laughed it off." She claimed that the day manager "tried to hit [her] on the sly" with a broom that the manager had put beside the milkshake machine and, somehow, knocked over. Haygood believed that was an intentional act because, she said, "if [the manager] had made a mistake and did it, she would have said she was sorry." Also, about two months before Haygood quit her job at Burger King, the day manager attempted to give Haygood a copy of an "improper parking" warning. Haygood became upset and refused to take the paper.
Although Haygood knew of Burger King's "open door" policy regarding complaints, she did not follow the procedure because, she said, her restaurant manager told her "they will see to you not working [anywhere] in Huntsville." In any case, although Haygood did not suffer any reduction in pay after her accident and although she received her customary raise in January 1993, she quit her job in September 1993. Burger King's area supervisor thereafter contacted her by letter and by telephone with offers of reemployment at her former location or at a new one. Haygood declined those offers because, she said, she was "scared for [her] life" and was already employed at Hardee's restaurant in an easier and higher-paying job.
In support of her claim of wrongful discharge, Haygood offered the affidavit of Elaine Coley, a co-employee. Burger King moved to strike the following statements from Coley's affidavit:
 (a) "Before this incident, Gloria was treated pretty much like any other employee. When she returned to work after medical treatment for this injury she was treated much differently."
 (b) "The management at Burger King began harassing Gloria about her weight, how she talked, and they would make her work harder and more difficult to perform."
 (c) "They also threatened to fire her all the time."
 (d) "Gloria is a very sensitive person and management knew that the harassment they were inflicting upon her hurt her and made her miserable on her job."
 (e) "This was all calculated, from my observation, to make her quit."
 (f) ". . . they began making the conditions of her work unbearable."
 (g) "This was all pure intentional harassment and Gloria became very upset, it seemed to break her will." *Page 1314 
 (h) "The management made Gloria's work so unbearable that she was forced to quit, she obviously could not take it anymore. All the harassing things the management did to Gloria, making her work unbearable, were obviously in retaliation for her hiring a lawyer to help her with her workmen's compensation claim."
The motion to strike was not ruled upon by the trial court; however, because the deficiencies of the affidavit were brought to that court's attention, they are properly subject to our review. Rule 56(e), Ala.R.Civ.P.; Perry v. Mobile County,533 So.2d 602 (Ala. 1988).
This court has considered the pleadings, Haygood's deposition, Coley's affidavit, and the parties' memoranda. We conclude that the summary judgment is due to be affirmed.
The motion to strike the material portions of Coley's affidavit was well taken. Those assertions are mere conclusions based upon speculation or are inadmissible opinions without supporting facts to justify them. Cf. Sooudi v. Century PlazaCo., 622 So.2d 1275 (Ala. 1993); Nowell v. Mobile County HealthDep't, 501 So.2d 468 (Ala.Civ.App. 1986). See also B.M. v.Crosby, 581 So.2d 842 (Ala. 1991).
Aside from the statements stricken from the affidavit, did Haygood present substantial evidence of a violation of §25-5-11.1, Ala. Code 1975, which prohibits a retaliatory discharge?
To recover under that statute, a claimant must prove: (1) that the claimant filed a workers' compensation claim for a work-related injury; (2) that the injury prevented work by the claimant for a period of time; and (3) that upon returning to work, the employer (a) informed the claimant that he or she no longer had a job or (b) constructively discharged the claimant for either instituting or maintaining a claim for workers' compensation. Twilley v. Daubert Coated Products, Inc.,536 So.2d 1364 (Ala. 1988).
Although Haygood presented proof of the first two elements, she did not present substantial evidence of either facet of the last element. Haygood herself terminated her job when she left work without notice and took another job at Hardee's. Furthermore, she has not proved any constructive discharge.
In Irons v. Service Merchandise Co., 611 So.2d 294, 295
(Ala. 1992), our supreme court defined "constructive discharge" as follows:
 " '[I]f the employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has [brought about] a constructive discharge and is as liable for any illegal conduct involved therein as if it had formally discharged the aggrieved employee.' "
(Quoting Jurgens v. E.E.O.C., 903 F.2d 386, 390 (5th Cir. 1990)). That definition follows the objective standard utilized by the federal courts. See, e.g., Boze v. Branstetter,912 F.2d 801 (5th Cir. 1990); Jett v. Dallas Indep. Sch. Dist.,798 F.2d 748 (5th Cir. 1986), aff'd in part and remanded in parton other grounds, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598
(1989). Thus, the employee's subjective perceptions do not establish a constructive discharge. Bristow v. Daily Press,Inc., 770 F.2d 1251 (4th Cir. 1985), cert. denied,475 U.S. 1082, 106 S.Ct. 1461, 89 L.Ed.2d 718 (1986). In Irons, our supreme court affirmed a summary judgment for the employer, even though the claimant's affidavit in opposition to the summary judgment motion stated that her employer had criticized her work performance because of her claim for workers' compensation benefits. Her statements were held to be conclusory and based upon speculation that, as a matter of law, did not establish a constructive discharge.
Moreover, the federal courts have held that unreasonable sensitivity to the working environment, Brooms v. Regal TubeCo., 881 F.2d 412 (7th Cir. 1989), jumping to conclusions,Garner v. Wal-Mart Stores, Inc., 807 F.2d 1536 (11th Cir. 1987), and overreaction to business decisions, Pena v. BrattleboroRetreat, 702 F.2d 322 (2d Cir. 1983), will not support a claim of constructive discharge. Haygood's belief that someone was threatening her, thus making her afraid, and her reaction to her co-employees' comments that she was being fired, when she knew that they were joking, were unreasonable on her part and were insufficient to be considered a constructive discharge. Proof of mere difficult or unpleasant working conditions does *Page 1315 
not establish a constructive discharge. Stetson v. NYNEX Serv.Co., 995 F.2d 355 (2d Cir. 1993).
Finally, Haygood decided not to avail herself of Burger King's "open door" employee-complaint policy, even though she had complaints about only three of her co-employees. She conceded that the area supervisors were nice to her on their occasional visits to the workplace, yet she did not seek their counsel or assistance. Under similar facts in Ugalde v. W.A.McKenzie Asphalt Co., 990 F.2d 239, 243 (5th Cir. 1993), the United States Court of Appeals for the Fifth Circuit decided that " 'a reasonable employee instead of resigning would first have pursued either or both of two courses — completed the internal grievance procedure, or filed a complaint with the EEOC.' " (Quoting Boze, 912 F.2d at 805). See also Clowes v.Allegheny Valley Hosp., 991 F.2d 1159 (3d Cir.), cert. denied,510 U.S. 964, 114 S.Ct. 441, 126 L.Ed.2d 374 (1993).
Let the judgment be affirmed.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result only.