CRAWLEY, Judge,
dissenting.
I would affirm the trial court’s entry of summary judgment for the employer; however, I would do so on a different ground than that of the trial court. The trial court stated that the employee had made a prima facie case of a retaliatory discharge — she was terminated from her position after filing a claim for workers’ compensation benefits. The trial court then held that the employee had failed to present substantial evidence *388 that her “discharge” was solely motivated by her filing of a workers’ compensation claim. I would hold that because the employee has not been fired, and that she has not resigned from the employer, then she does not have a claim for retaliatory discharge or constructive discharge.
It is undisputed from my review of the record that the employee was never terminated from her job. She was placed on an extended medical leave of absence and is still on that status. She is receiving the corresponding benefits from the employer for a medical leave of absence. Therefore, the employer has not terminated her employment, which is an element of a claim for retaliatory discharge. Ala.Code 1975, § 25-5-11.1; Twilley, supra.
The employee also does not have a claim for a constructive discharge. Our supreme court defined a constructive discharge as:
“ ‘[I]f the employer deliberately makes an employee’s working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has encompassed a constructive discharge and is as liable for any illegal conduct involved therein as if it had formally discharged the aggrieved employee.’ ”
Irons v. Service Merchandise Co., 611 So.2d 294, 295 (Ala.1992) (quotation omitted) (emphasis added). In this case, the employee has not resigned her employment, but rather is still employed and on a medical leave of absence receiving corresponding compensation from her employer. In fact, the employee has repeatedly stated that she wants to return to work, which would completely undermine any contention that her work environment had become “intolerable.” Therefore, I must respectfully dissent.