RICHARD L. HOLMES, Retired Appellate Judge.
This is a retaliatory discharge case.
On January 30, 1993, Jerome Cobb sustained an injury to his wrist while he was working in the line and scope of his employment with Manpower Temporary Services (employer). Thereafter, he filed a complaint, seeking workers’ compensation benefits for his injuries.
*355 On January 17, 1995, Cobb filed a complaint, alleging that he was constructively discharged from his employment in retaliation for having filed a workers’ compensation claim.
On February 20,1996, the employer filed a motion for a summary judgment, a narrative summary of the facts, the deposition testimony of Cobb, and the deposition testimony of Debbie Cain. Cobb responded with a brief in opposition, along with his own deposition testimony, the deposition testimony of Debbie Cain, and other documents in opposition to the employer’s motion.
On April 17, 1996, the trial court granted the employer’s summary judgment motion. Cobb appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Rule 56(c), Ala.R.Giv.P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie case showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d at 684.
Substantial evidence has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Our review of the record reveals the following: The employer is a personnel service that fills various positions for its clients. The employer hired Cobb, a light industrial worker, and placed him on a six-month temporary assignment with Sony Corporation. On January 30,1993, Cobb sustained an injury to his wrist while working at Sony. On February 1, 1993, a doctor examined Cobb and released him to return to work, with limited restrictions concerning the use of his left hand.
Debbie Cain, the employer’s branch manager, testified that approximately one week later, on February 8, 1993, Sony called the employer and requested that it send a replacement for Cobb. It is undisputed that Cobb was not able to perform the job at Sony within the limited time-frame because of his injury.
Cain further testified that the employer offered Cobb another light-duty position that was available at Sony, but that Cobb turned it down. Cobb, however, contends that the employer never offered him a job. On March 1,1993, Cobb’s doctor released him to return to work, without any restrictions. However, there were no jobs available at that time. Cobb continued to call and visit the employer regarding the availability of work until June 1993, at which time he obtained employment elsewhere. In September 1994, the employer removed Cobb’s name from its list of eligible employees and placed it in an inactive file within their data base system.
In support of its motion for a summary judgment, the employer contends that Cobb was not terminated. Instead, Cain testified that Cobb’s name remained on the list of current eligible employees until September 1994, at which time it was removed due to inactivity. Cain explained that the employer provided Cobb with a copy of the rules and policies of the employer, which specifically required that the employee was to keep in touch with the service representatives of the employer concerning the availability of work. It is undisputed that Cobb did not make any contact with the employer after June 1993. In fact, Cobb testified that he obtained part-time employment in June or July 1993. He also testified that he obtained full-time employment in November 1993. Cain did state that Cobb’s status as an eligible employee could be reactivated within their data base system upon his request.
The employer produced the following pertinent parts of Cobb’s testimony in support *356 of its contention that Cobb was not terminated:
“Q. Did you ever ask them if you were still on the list of assignable employees?
“A. I assumed I was on the list, because if I had been terminated from the list, my assumption, they would have told me, ‘Okay. You’ve been terminated from the list. So, it won’t do you any good to come here no more.’
“But it was always the same answer, “We don’t have anything available.’
“Q. So, nobody ever told you not to call back, that you were off the list?
“A. No. Nobody ever told me not to call back.
“Q. Did you understand that [the employer] has customers that they service?
“A. Yes.
“Q. And if their customers are not asking for light-duty work, such as you had, that they didn’t have work available. Did you understand that?
[[Image here]]
“A. Yes.
[[Image here]]
“Q. And did you understand, if the job categories were not available for your type category, that they didn’t have a job to offer you?
“A. Yes. I understand that perfectly.”
Section 25-5-11.1, Ala.Code 1975, states that “[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers’ compensation benefits.” See McClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299 (Ala.1991).
Our supreme court, in Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369 (Ala.1988), stated the following in regard to a retaliatory discharge action, pursuant to § 25-5-11.1, Ala.Code 1975:
“We hold that an employee may establish a prima facie case of retaliatory discharge by providing that he was ‘terminated’ because he sought to recover worker’s compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the plaintiff must prove that the reason was not true but a pretext for an otherwise impermissible termination.”
Furthermore, in the context of a summary judgment motion-filed by the defendant in regard to a retaliatory discharge claim, our supreme court, in Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1122 (Ala.1992), stated the following:
“[I]f the [employer] has supported a summary judgment motion with evidence of a legitimate reason for terminating the [employee], the [employee] must then refute that showing with his own prima facie case; of course, the [employee] has no burden to produce evidence before the trial until the [employer] has made and properly supported a motion for [a] summary .judgment. If the [employer’s] showing of a legitimate reason is conclusive enough to establish that ‘there is no genuine question as to [that] material fact and that the moving party is entitled to a judgment as a matter of law,’ Rule 56(c), Ala.R.Civ.P., the [employee] would also have to produce evidence to refute that showing.”
In the instant case, the employer presented evidence showing that Cobb was not terminated from his employment. Instead, the employer merely categorized Cobb’s status as “inactive” because of his failure to maintain contact with the employer after June 1993. In fact, there was testimony that Cobb’s status as an eligible employee could be reactivated at Cobb’s request. Cobb did not refute this testimony. In fact, Cobb’s own testimony supports the fact that he was not terminated.
Cobb contends that he was ready, willing, and able to return to work on March 1, 1993, and that the employer refused to “put him back into the work force.” He, therefore, contends that he was constructively discharged. Cobb specifically contends that on February 8, 1993, the employer “replaced” him with another employee. However, as noted previously, the employer provided testimony indicating that Sony called and re *357 quested a replacement because of the limited time-frame it had in which to complete its job.
Our supreme court, in Irons v. Service Merchandise Co., 611 So.2d 294, 295 (Ala.1992), quoting Jurgens v. EEOC, 903 F.2d 386, 390 (5th Cir.1990), in turn quoting Young v. Southwestern Savings & Loan Ass’n, 509 F.2d 140, 144 (5th Cir.1975), stated the following in regard to the general rule on constructive discharge:
“ ‘[I]f the employer deliberately makes an employee’s working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has encompassed a constructive discharge and is as liable for any illegal conduct involved therein as if it had formally discharged the aggrieved employee.’ ”
Based on the foregoing, we conclude that Cobb failed to present any substantial evidence showing that he was terminated or, otherwise, constructively discharged by the employer. A termination or constructive discharge is a prerequisite to filing a claim based upon a retaliatory discharge. Twilley, 536 So.2d at 1369.
Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.