JOHNSTONE, Justice
(dissenting).
I respectfully dissent. This case is starkly distinguishable from “State Farm I ” (Ex parte State Farm Mutual Automobile Insurance Co., 386 So.2d 1133 (Ala.1980)), which disallowed the discovery, and is analogous to “State Farm II ” (Ex parte State Farm Mutual Automobile Insurance Co., 761 So.2d 1000 (Ala.2000)), which required the discovery.
The crucial part of the rationale of State Farm I reads:
“From the nature of the case, a death claim, State Farm’s agent could have reasonably concluded that its insured would be sued. This was not the type of fender-bender case where a settlement with the insured would likely occur without a lawsuit.”
386 So.2d at 1136 (emphasis added). In the case now before us, the plaintiff Johnson is not asserting “a death claim” like the plaintiff in “State Farm I.” In the case now before us, Nationwide agent Bryan Myrick’s affidavit describes only “the type of fender-bender case where a settlement with the insured would likely occur without a lawsuit,” id. Myrick identifies “a vehicular accident ... in the parking lot of Homewood High School.” He states that he learned “that the plaintiffs vehicle had only sustained approximately $300 in damage to its rear bumper” and “that the plaintiff was having knee.surgery for injuries allegedly related to the accident.” The affidavit does not state that the injury was serious or that the surgery would be expensive. Indeed, for all that appears in Myrick’s affidavit, the “knee surgery” was only a couple of stitches to repair each of a couple of minor cuts. The affidavit states no facts whatsoever to substantiate Myr- *725 ick’s conclusions “that Nationwide’s insured ... was free from liability and that this claim would be litigated.” Rather, these conclusions are . sheer self-serving, retrospective legal posturing to claim the work-product privilege.
“The affidavit may not consist of bare conclusory statements, but must be based on facts, Nowell v. Mobile County Health Dept., 501 So.2d 468 (Ala.Civ.App.1986). An additional requirement is that the affidavit contain information that allows more than speculative or conjectural inferences, Thompson v. Lee, 439 So.2d 113 (Ala.1983).” Perry v. Mobile County, 533 So.2d 602, 604 (Ala.1988). Accord Carter v. Cantrell Mach. Co., 662 So.2d 891, 893 (Ala.1995), and B.M. v. Crosby, 581 So.2d 842, 843 (Ala.1991).
State Farm II explains and holds:
“ ‘The fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an “in house” report as work product.’ Sims[ v. Knollwood Park Hosp.], 511 So.2d [154] at 158 [(Ala.1987)](quoting Janicker v. George Washington Univ., 94 F.R.D. 648, 650 (D.D.C.1982)). The affidavit does not assert that the requested documents were prepared because of the prospect of litigation against State Farm, nor did State Farm offer any other evidence showing that the requested documents were prepared because of the prospect of litigation against State Farm.
“State Farm’s claim of privilege — anticipation of litigation — is based upon the facts that Smith obtained an attorney and that State Farm took the position that Smith planned to be involved in litigation. State Farm did not present any evidence that in May 1997 Smith planned to be involved in litigation with State Farm. Likewise, State Farm did not present any evidence that in May 1997 Smith made a claim for underin-sured motorist benefits or informed State Farm that he intended to make a claim for underinsured motorist benefits.
“State Farm has not carried its burden of shounng that it prepared the requested documents because of the prospect of litigation against it. Therefore, the trial court properly ordered production. ...”
761 So.2d at 1003 (emphasis added). Like the affidavit in State Farm II, Myrick’s affidavit contains no statement that constitutes evidence that Nationwide reasonably anticipated litigation by Johnson or prepared the requested materials because of any such prospect. Therefore, the petitioner Nationwide has not made the showing, prerequisite to mandamus relief, of “a clear legal right in the petitioner to [an] order,” Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998), disallowing discovery of the factual material produced by Myr-ick’s investigation before he learned that Johnson had retained counsel.