[Civ. No. 50297. Second Dist., Div. Four. Sept. 1, 1977.]

RONALD THOMAS, Plaintiff and Appellant, v.
EDGINGTON OIL COMPANY et al., Defendants and Respondents.

## COUNSEL

Detrixhe & Laughlin and J. Michael Smith for Plaintiff and Appellant.

Berwick & Richards and Edwin J. Richards for Defendants and Respondents.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiff appeals from a summary judgment[1] in an action for personal injuries. We affirm the judgment.

---

[1]The notice of appeal is from the order granting the motion for summary judgment. That order is not appealable, appeal lying only from the judgment itself. We have examined the superior court file in this case and discovered that a formal judgment was entered on December 3, 1976. Pursuant to rule 1(c), California Rules of Court, we treat the notice filed as a premature but effective notice of appeal from the judgment ultimately entered.

Plaintiff was an employee of Noble Construction Company (Noble). Under an arrangement between that company and defendant Edgington Oil Company (Edgington), he was engaged as a laborer, doing laborer's work on the premises of Edgington. The crew to which he was assigned consisted of some Noble employees and some Edgington employees. They were under the supervision of defendant Beauvais, a foreman employed by Edgington. The sole issue before us on this appeal is whether the declarations before the trial court show without conflict that plaintiff was, by reason of his relations to Edgington and to Beauvais, a "special employee" of Edgington so that his sole remedy against Edgington was to proceed under the workers' compensation law (Lab. Code, § 3601).

I

Plaintiff relies on *McFarland* v. *Voorheis-Trindle Co.* (1959) 52 Cal.2d 698 [343 P.2d 923], and on *Miller* v. *Long Beach Oil Dev. Co.* (1959) 167 Cal.App.2d 546 [334 P.2d 695]. Defendants, and the trial court, relied on *Martin* v. *Phillips Petroleum Co.* (1974) 42 Cal.App.3d 916 [117 Cal.Rptr. 269]. We need not now determine whether *Martin* is, as plaintiff contends, not controlling because contra to the Supreme Court's decision in *McFarland*.[2] All three cases agree that a · controlling element in deciding the issue of "special employment" is the existence of a right to control the workman in the details of his work, with other matters—the right to discharge, the immediate payor of wages, and similar matters, being important but not controlling. In the case at bench, the depositions taken on behalf of Edgington state that Beauvais did have the right to control not merely the type of work and the results to be accomplished, but also the right to control the manner in which that work and that result were to be accomplished. Although its declaration contains several statements on which plaintiff bases his contention that Edgington was not his "special employer," plaintiff made one admission which shows that, on his own version, the necessary control did exist. He said:

"Each day we would first congregate in the break-room and a fellow from Edgington Oil Company who I knew as 'Frenchy', would tell us where he wanted us to work for that day and what activity we were to participate in. Frenchy would then sometimes come by to check on our progress. The only time that Frenchy actually exercised any direct supervision over me as far as telling me how to do my job or to

---

[2]We note that, although there was a strong dissent in *Martin*, the Supreme Court denied a hearing.

accomplish a specific task, was when Edgington Equipment was to be used, *as was the case when my hand was injured."* (Italics added.)

■ We agree that, where the alleged special employer is not, at the time of the injury or in connection with the specific task to be performed, exercising control over the details of the work, no special employment exists even though, at some other time and in connection with some other task, such detailed control may have been exercised. ■ But where, as here, the alleged special employer was, by the admission of plaintiff, exercising direct supervision over the exact task during the accomplishment of which an employee is injured, the status of special employer must be found to exist as to a claim for that injury.

The statements relied on by plaintiff go only to show that, at other times and in connection with other tasks, no direct supervision had been exercised. But the admission here, coupled with the declarations filed on behalf of the defendants, make it clear that there is no material issue to be tried as to plaintiff's status as a special employee at the time of, and in connection with, the injury herein involved. It follows that the summary judgment was properly granted.

## II

Plaintiff contends that the motion for summary judgment should not have been entertained because it was untimely filed, in contravention of rule 78 of the Law and Motion Policy Manual of the superior court. That contention is without merit. The rule relied on goes no further than to state that motions untimely filed under that rule should be looked upon with disfavor. ■ Thus, the late filing was not jurisdictional and the trial court was free, as it did, to disregard the late filing and to rule on the motion on its merits.

The judgment is affirmed.

Dunn, J., and Jefferson (Bernard), J., concurred.