Jonas and Shirley Parker Pettaway appeal from a summary judgment entered against them and in favor of one defendant, Mobile Paint Manufacturing Company, Inc. (hereinafter Mobile Paint), arising out of a personal injury action. We affirm.
On or about 18 September 1981, appellant Jonas Pettaway was burned severely by an explosion on the premises of Mobile Paint.
Some three months before Pettaway suffered his injuries, he had gone to Manpower, Inc., an employment agency, and filled out an application in an effort to obtain work. Thereafter, Pettaway returned to Manpower several times to receive work assignments. On several occasions, Manpower sent Pettaway to different jobsites for the purpose of providing temporary labor.
Approximately two weeks before his injury, Manpower informed Pettaway of an available work assignment at Mobile Paint. Manpower asked Pettaway if he would accept such an assignment, as this was the normal procedure. Pettaway agreed to do so.
Before going to work at Mobile Paint, Pettaway stopped by Manpower to pick up a time sheet. He then went to the Mobile plant and performed ordinary labor. According to Pettaway, it was his practice to return to Manpower only at the end of the *Page 229 
week to get a new time sheet and receive a pay check.
Pettaway was paid $3.75 an hour for labor at Mobile Paint. Manpower in turn charged Mobile Paint at the rate of $5.34 an hour. A portion of the difference was used by Manpower to purchase Workmen's Compensation insurance.
Lastly, while at the jobsite, Pettaway's work was directed and supervised exclusively by Mobile Paint, with the exception that written permission from Manpower was necessary before Pettaway could handle vehicles or machinery.
Pettaway was injured his third week on the job. Thereafter, Pettaway and his wife filed suit against Mobile Paint and others, alleging negligence and breach of contract. On defendant's motion, summary judgment was entered in favor of Mobile Paint. The Pettaways appeal.
By stipulation of the parties, the single question presented by this appeal is whether Mobile Paint is immune to the Pettaways' personal injury action by virtue of the employer's immunity under the Alabama Workmen's Compensation Act. We hold that under the facts presented, Mobile Paint was an "employer" of Jonas Pettaway under the Alabama Workmen's Compensation Act, and as such is immune from civil liability for the personal injuries sustained by Pettaway. Code 1975, § 25-5-53.
The dispositive facts of this case are indistinguishable from those presented in Terry v. Read Steel Products, 430 So.2d 862
(Ala. 1983). In Read Steel, this court upheld a summary judgment entered in favor of the defendant, Read Steel, on the basis that Read Steel was immune from suit as an employer under the Workmen's Compensation Act. Read Steel, as does this case, involved a situation where a general employer (Manpower, Inc.) merely provided laborers to special employers and then performed clerical tasks for the special employer. This court noted that in such a situation, the dispositive test to be applied is whether a contract of hire existed between the special employer and the employee, in this case Mobile Paint and Jonas Pettaway. After reviewing the entire record we find that: (1) An implied contract of hire existed between Pettaway and Mobile Paint; (2) Pettaway's work was essentially that of Mobile Paint; (3) Mobile Paint had the right to control the details of the work. Accordingly, Mobile Paint is immune from civil liability for the injuries suffered by Pettaway. Terry v.Read Steel Products, 430 So.2d 862 (Ala. 1983); Code 1975, §25-5-53.
Appellants argue that since Pettaway was never paid directly by Mobile Paint, Code 1975, § 25-5-1 (4), precludes any finding that Mobile Paint was Pettaway's employer. In fact, appellants assert that had this issue been raised in Terry v. Read SteelProducts, the outcome of that case would have been different.
Code 1975, § 25-5-1 (4), a definitional code section, reads in pertinent part:
 "(4) EMPLOYER. Every person not excluded by section 25-5-50 who employs another to perform a service for hire and pays wages directly to such person. . . ."
(Emphasis added.)
Contrary to the Pettaways' assertions, the definitional sections cited are not conclusive in and of themselves. This court stated in Terry v. Read Steel Products, 430 So.2d at 866:
 "When interpreting the statutory definitions of `employer' and `employee,' Code 1975, § 25-5-1
(4) and (6), the courts must use criteria which will help apply these general definitions to the specific situation at bar. . . ."
As stated by the Court of Civil Appeals:
 "This court must conclude that the statutory definition of an employer is not the only basis for determining the relationship of employer and employee for coverage under the Workmen's Compensation Act. Such definition does not strictly cover the loaned or dual employee which is recognized as covered in 1A Larson, The Law of Workmen's Compensation, § 48 (1973). We cannot accept the purpose of the legislature to limit coverage *Page 230 
of workmen's compensation to one who is subject to control of one and serving his interest, but is paid wages or commission by another through agreement or contract."
Craig v. Decatur Petroleum Haulers, Inc., 340 So.2d 1127, 1130
(Ala.Civ.App. 1976).
We find that Mobile Paint was Jonas Pettaway's special employer despite the fact that Mobile Paint never paid Pettaway directly. Terry v. Read Steel Products, 430 So.2d 862 (Ala. 1983). Therefore, Mobile Paint is immune from suit under Code 1975, § 25-5-53, and is entitled to a judgment as a matter of law. Accordingly, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.