HOLMES, Judge.
This is a workmen’s compensation case.
The employee filed suit against Carter Realty Company (Carter) for personal injuries she allegedly sustained in the course of her employment as resident manager of an apartment complex. Her complaint, which consisted of five counts, alleged that Carter was liable, among other things, for fraud, breach of contract, and workmen’s compensation.
The trial court granted a summary judgment to Carter on all counts of the complaint except that for workmen’s compensation. An ore tenus trial was held on the latter, and, thereafter, the trial court entered a final judgment for Carter.
The employee, through able counsel, appealed both the summary judgment and the final judgment on the workmen’s compensation claim. This appeal was originally filed with our supreme court. The supreme court dismissed as untimely all of the employee’s appeal except her workmen’s compensation claim.
We affirm.
We note that our review of this workmen’s compensation claim is by way of certiorari. Ala.Code (1975), § 25-5-81(d). On certiorari this court’s review is limited to questions of law and an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. If there is any legal evidence to support those findings, this court will affirm. Benefield v. Goodwill Industries of Mobile, 473 So.2d 505 (Ala.Civ.App. 1985); Padgett v. International Paper Co., 470 So.2d 1287 (Ala.Civ.App.1985).
The trial court entered a judgment in Carter’s favor on the workmen’s compensation claim because it found, among other things, that Carter was not the employee’s “employer” within the definition of Ala. Code (1975), § 25-5-1(4). Our review of the record indicates that there is evidence which supports this conclusion and requires our affirmance.
Section 25-5-1(4) defines an employer for purposes of workmen’s compensation as “[ejvery person [corporation, copartnership, association or group thereof] ... who employs another to perform a service for hire and pays wages directly to such person.”
The evidence shows that the owners of the apartments were responsible for the employee’s wages and that those wages *118 were paid out of rental received for the apartments. Put another way, Carter Realty did not pay the employee. Such evidence supports the trial court’s conclusion that Carter was not the employee’s “employer” for purposes of workmen’s compensation.
This court has indicated that perhaps the more important factor in determining whether a party is an “employer” for workmen’s compensation purposes is the nature of the relationship between that party and the employee, i.e., whether that party reserved the right to control the employee’s work. See American Tennis Courts, Inc. v. Hinton, 378 So.2d 235 (Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala.1979).
The evidence shows that the employee returned to work as resident manager of the apartments several months after her injury. Her employment was subsequently terminated when the apartments were sold to new owners. The employee stated on cross-examination that Carter did not fire her. Such evidence supports the trial court’s conclusion that the owners of the apartments “had the final control over” the employee, not Carter.
There was certainly some testimony that employees or representatives of Carter directed the employee as to certain aspects of her work, but other evidence supports the conclusion that Carter was acting merely as agent for the owners of the apartments. Cf. Pettaway v. Mobile Paint Manufacturing Co., 467 So.2d 228 (Ala.1985); Terry v. Read Steel Products, 430 So.2d 862 (Ala. 1983). The employee herself testified on cross-examination that she knew that Carter did not own the apartments and that she had heard Carter referred to as the rental agent for the apartment owners.
All of the above-recited evidence supports the trial court’s conclusion that Carter was not the employee’s “employer” for purposes of workmen’s compensation.
In view of the above, the employee’s other contentions regarding her workmen’s compensation claim are pretermitted.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.