This is the second appeal from a personal injury action brought by Sherrell Bechtel against Crown Central Petroleum Corporation. In the first proceeding in the trial court Crown filed a motion for summary judgment on the grounds that Crown was immune from suit under the workmen's compensation exclusivity provisions. After considering affidavits, deposition testimony, and documentary evidence, the trial court entered a summary judgment in favor of Crown. Bechtel appealed to this Court, which reversed the summary judgment on grounds that Crown had failed to affirmatively plead in its answer the statutory immunity defense raised in the motion for summary judgment. See Bechtel v. CrownCentral Petroleum Corp., 451 So.2d 793 (Ala. 1984.) Crown amended its answer to add the statutory immunity defense and filed another motion for summary judgment, relying on all pleadings, all matters theretofore submitted in support of its previous motion for summary judgment, the depositions of Jerry Pedota and Steve Thornton and certain exhibits. Bechtel filed a motion to strike Crown's affirmative defense of statutory immunity. The trial court overruled Bechtel's motion to strike and entered summary judgment in favor of Crown. Bechtel appealed again. We affirm.
The standard of review which this Court must follow is well established. When there is no genuine issue of material fact as to any element of an affirmative defense, such as statutory immunity, and it is shown that the defendant is entitled to a judgment as a matter of law, summary judgment is proper. If there is a genuine issue of material fact as to any element of the affirmative defense, summary judgment is inappropriate. Rule 56 (c), Ala.R.Civ.P. In determining whether there is a genuine issue of material fact as to each element of an affirmative defense, this Court must review the record in a light most favorable to the plaintiff (the nonmoving party) and must resolve all reasonable doubts against the defendant (the movant). Autrey v. Blue Cross Blue Shield of *Page 1054 Alabama, 481 So.2d 345 (Ala. 1985); Burt v. Commercial UnionInsurance Co., 489 So.2d 547 (Ala. 1986).
Is there a scintilla of evidence (i.e., any evidence) that Crown was not an employer of Bechtel under the Alabama Workmen's Compensation Act at the time of Bechtel's injury? If there is, summary judgment was inappropriately granted.
In 1977, Crown entered into a supply contract with Pep Services, Inc., wherein Pep agreed to supply Crown with gasoline filling station personnel. Bechtel was hired pursuant to this personnel supply contract and was designated as a Pep employee. Under the personnel supply contract, Pep bills Crown for the cost of paying wages, salaries, workmen's compensation insurance premiums, unemployment compensation taxes, and social security contributions; for the cost of liability insurance coverage, fidelity bonding, record keeping, and recording costs; and also for a service fee for Pep's work.
On March 20, 1981, Bechtel slipped and fell on premises owned by Crown, while working pursuant to this personnel supply contract. This action was filed March 1, 1982. On September 3, 1982, Bechtel and Pep, as her employer, got judicial approval of a settlement under the Alabama Workmen's Compensation law for the injuries she had received on March 20, 1981.
Certainly, there is substantial evidence that Pep was Bechtel's employer; however, this evidence is not evidence thatCrown was not Bechtel's employer, because both Pep and Crown could, under certain fact situations, be considered co-employers of Bechtel — Pep as general employer and Crown as special employer. Terry v. Read Steel Products, 430 So.2d 862
(Ala. 1983); 1A Larson, The Law of Workmen's Compensation, § 48 (1983).
Bechtel submitted to the control and supervision of a Crown employee, Steve Thornton; Bechtel wore uniforms supplied by Crown, bearing Crown labels; Crown participated in the hiring process; the service station manager (a Crown employee) would sign the weekly time sheets and had authority to transfer Bechtel to another station or to terminate her. This is clearly evidence that Bechtel submitted to employment with Crown, as a special employer, and, therefore, entered into a contract of hire with Crown. 1A Larson, The Law of Workmen's Compensation, § 48.10 (1983). Where is the evidence that Bechtel did not submit to employment as a special employee of Crown? This Court cannot find such evidence in the record.
It cannot be seriously disputed that the work performed by Bechtel, at the time of her injury and at all times from the time of her employment by Pep up until her injury, was the work of Crown. Bechtel performed, only on Crown premises, the usual duties of a service station attendant: pumping gas, cleaning windows, and keeping the premises orderly. Therefore, the work of Bechtel was the work of Crown. 1A Larson, The Law ofWorkmen's Compensation, § 48.10 (1983). Where is the evidence that the work performed by Bechtel was not the work of Crown? This Court cannot find such evidence in the record.
The record clearly demonstrates that Crown retained and exercised the right to control the manner or methods of work performed by Bechtel. The contract between Pep and Crown provides:
 "The personnel provided by Pep shall perform their duties as outlined in the job description, Exhibits `A' through `C' . . . under the general direction and to the satisfaction of the station manager, an employee of Crown." (Emphasis added.)
Crown had the responsibility for training Bechtel and designating her work schedule and employment location. Even though wages were paid from a Pep bank account, the computation of wages was performed by Crown. Bechtel verified the number of hours she worked during the week, and the Crown station manager verified her hours on time sheets for submission to Pep.
Crown furnished Bechtel with all equipment and products she needed for the job, *Page 1055 
including uniforms. Crown had the right to fire Bechtel. Therefore, Crown retained and exercised the right to control the manner or methods of work performed by Bechtel. 1A Larson,The Law of Workmen's Compensation, § 48.10 (1983). Where is the evidence that Crown did not retain and exercise the right to control the manner or methods of work performed by Bechtel? This Court cannot find such evidence in the record.
This Court cannot distinguish this case from Terry v. ReadSteel Products, supra, or Pettaway v. Mobile PaintManufacturing Co., 467 So.2d 228 (Ala. 1985). In each of those cases, under almost identical factual circumstances, this Court upheld the defendant's summary judgment on the basis that the defendant was a special employer entitled to statutory immunity.
Bechtel, in her excellent brief, cites the case of Novensonv. Spokane Culvert Fabricating Co., 91 Wn.2d 550,588 P.2d 1174 (1979), in which the Washington Supreme Court refused to uphold statutory immunity for a special employer. This case conflicts with Terry v. Read Steel Products, supra, andPettaway v. Mobile Paint Manufacturing Co., supra, and with the cases in most jurisdictions, which generally support the Terry
and Pettaway decisions: English v. Lehigh County Authority,286 Pa. Super. 312, 428 A.2d 1343 (1981); Robinson v. OmarkIndustries, Inc., 46 Or. App. 263, 611 P.2d 665 (1980), cert.dismissed, 291 Or. 5, 627 P.2d 1263 (1981); Campbell v. CentralTerminal Warehouse, 56 Ohio St.2d 173, 383 N.E.2d 135 (1978);Benoit v. Transco Exploration Co., 577 F. Supp. 304 (W.D.La. 1983), affirmed, 739 F.2d 631 (5th Cir. 1984); Simmons v. AtlasVac Machine Co., 493 F. Supp. 1082 (E.D.Wis. 1980); Fox v.Contract Beverage Packers, Inc., 398 N.E.2d 709 (Ind.Ct.App. 1980); Martin v. Phillips Petroleum Co., 42 Cal.App.3d 916,117 Cal.Rptr. 269 (1974); Thomas v. Edgington Oil Co.,73 Cal.App.3d 61, 140 Cal.Rptr. 635 (1977); Farrell v. DearbornManufacturing Co., 416 Mich. 267, 330 N.W.2d 397 (1982).
In Terry v. Read Steel Products, supra, this Court adopted the criteria set forth in 1A Larson, The Law of Workmen'sCompensation, § 48.10 (1983):
 "When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if (a) The employee has made a contract of hire, express or implied, with the special employer; (b) the work being done is essentially that of the special employer; and (c) the special employer has the right to control the details of the work.
 "When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation. . . ."
The evidence establishes that each of the elements set forth has been met, and that both Crown and Pep were Bechtel's employers at the time of her injury.
This Court is not persuaded that we should overrule or restrict our decisions in Terry and Pettaway on the basis of the decision of the Washington Supreme Court. We are unable to find any evidence that Crown was not Bechtel's employer at the time of her injury.
The second question in this case is whether the trial court erred when it overruled Bechtel's motion to strike Crown's amendment adding the affirmative defense of employer immunity. This Court must apply to that issue a different standard of review from that used in resolving the first issue raised by Bechtel in this case. On Bechtel's first appeal, 451 So.2d 793, Justice Adams, writing for this Court, stated:
 "Crown correctly points out that it is within the [trial] court's discretion to allow the defendant to raise an affirmative defense after the initial answer to the complaint. In support of this proposition it quotes from Freeman v. Blue Mountain Industries, 395 So.2d 1049 (Ala.Civ.App. 1981):
 "`Rule 15 (a), ARCP, expressly provides that amendments should be freely allowed when justice so requires. *Page 1056 Stead v. Blue Cross-Blue Shield, 294 Ala. 3, 310 So.2d 469 (1975). The party opposing the amendment must show that the amendment would cause actual prejudice or undue delay in order to bar the amendment. Bracy v. Sippial Electric Co., Inc., Ala. 379 So.2d 582 (1980).'
"395 So.2d at 1050."
451 So.2d at 795.
On remand, the trial court permitted Crown to amend its pleading to add this affirmative defense. The trial court overruled Bechtel's motion to strike this amendment. There was no error in the trial court's doing so, unless Bechtel was actually prejudiced thereby, and the burden is on Bechtel to establish actual prejudice.
We find that Bechtel failed to prove actual prejudice. She would not be entitled to more workmen's compensation benefits if she had two employers. In her brief, she raises the speculation that Crown may not have had workmen's compensation coverage and that in that event she would have been entitled to two times the amount of compensation which would otherwise have been payable for her injury under § 25-5-8 (e), Code 1975. The burden was on Bechtel to prove actual prejudice. Speculation of what she may or may not have been entitled to in the event that her conjecture was correct is not sufficient proof. Bechtel failed to prove that she was prejudiced by the trial court's permitting Crown's amendment of its answer to add the affirmative defense of employer immunity; therefore, the trial court did not err in overruling Bechtel's motion to strike that amendment.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.