Thomas H. Pinson appeals from a summary judgment in favor of Alabama Power Company ("APCo") in this action seeking damages for personal injuries. We affirm.
The following material facts are undisputed: APCo entered into a contract with Ellard Contracting Company, Inc. ("Ellard"), wherein Ellard agreed to provide APCo with workers and to supervise them in connection with APCo's Mitchell Dam redevelopment project. Pinson, an ironworker, was hired pursuant to that contract and was designated therein as an employee of Ellard. Under the contract, APCo retained the right to participate with Ellard in the hiring of the workers; to require the dismissal of workers under certain circumstances; and to supervise and *Page 1237 
control the manner or methods of work performed by the workers. APCo prepared and maintained the payroll time records, calculated the amount of wages that became due and the deductions that had to be made therefrom, and deposited the necessary funds into a special Ellard bank account from which Ellard made withdrawals to meet its payroll. The bank at which Ellard's payroll account was opened had to be approved by APCo. APCo also provided the workers with tools and equipment and directly procured, and paid the premiums for, their workmen's compensation insurance. Pinson understood that APCo was "the boss" of the project and he submitted to APCo's control and supervision. Pinson suffered personal injuries while on the job and, thereafter, sued APCo, alleging that it had failed to provide him with a safe workplace. APCo moved for a summary judgment on the ground that it was immune from suit under the exclusive remedy provision of Ala. Code 1975, § 25-5-53. The trial court ruled that there was no genuine issue of material fact as to any element of the statutory immunity defense raised by APCo and that APCo was entitled to a judgment as a matter of law.
The standard of review that this Court must apply in this case is well settled. If there was no genuine issue of material fact as to any element of the statutory immunity defense, and it was shown that APCo was entitled to a judgment as a matter of law, summary judgment was proper. If there was a genuine issue of material fact as to any element of the immunity defense, summary judgment was inappropriate. In determining whether there was a genuine issue of material fact as to each element of the immunity defense, this Court must review the record in a light most favorable to Pinson and must resolve all reasonable doubts against APCo. Bechtel v. Crown Cent.Petroleum Corp., 495 So.2d 1052 (Ala. 1986). Because this action was pending on June 11, 1987, the judgment must be reviewed in light of the "scintilla of evidence" rule. Ala. Code 1975, § 12-21-12.
Section 25-5-53, supra, makes workmen's compensation benefits the exclusive remedy for employees injured in the line and scope of their employment. In pertinent part, it provides:
 "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death." (Emphasis supplied.)
Ala. Code 1975, § 25-5-1(6), defines "employee" as follows:
 "(6) EMPLOYEE, WORKER, WORKMEN AND WORKMAN. Such terms are used interchangeably and have the same meaning throughout this chapter, and shall be construed to mean the same. . . . Such terms include every person . . . in the service of another under any contract of hire, express or implied, oral or written. . . ." (Emphasis supplied.)
In Marlow v. Mid-South Tool Co., 535 So.2d 120, 123 (Ala. 1988), this Court stated:
 "In what has come to be taken as a statement of the test for establishing a special employer's right to rely on the exclusivity of the workmen's compensation remedies, this Court [in Terry v. Read Steel Products, 430 So.2d 862, 865 (Ala. 1983)] quoted the following test from 1C A. Larson, The Law of Workmen's Compensation, § 48 (1980):
 " 'When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if
 " '(a) the employee has made a contract of hire, express or implied, with the special employer;
 " '(b) the work being done is essentially that of the special employer; and
 " '(c) the special employer has the right to control the details of the work.
 " 'When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation.' "
See, also, Means v. International Systems, Inc., 555 So.2d 142
(Ala. 1989); Bechtel v. Crown Cent. Petroleum Corp., supra, andPettaway v. Mobile Paint Manufacturing Co., 467 So.2d 228 (Ala. 1985). *Page 1238 
In the present case, Pinson concedes that the work he was doing at the time he was injured was that of APCo and that APCo had the right to control the details of his work. He argues, however, that he did not have an employment contract with APCo, either express or implied. APCo, acknowledging that it had no express contract of employment with Pinson, argues, instead, that Pinson was its employee within the meaning of § 25-5-53 by virtue of an employment contract implied in fact. We agree.
The dispositive facts in this case are materially indistinguishable from those presented in Bechtel v. CrownCent. Petroleum Corp., supra. In Bechtel, Crown Central Petroleum Corporation entered into a contract with Pep Services, Inc., an employment agency, whereby Pep agreed to supply Crown with service station personnel. Bechtel was hired pursuant to this supply contract and was designated a Pep employee. Pursuant to its contract, Pep billed Crown for the cost of paying wages, workmen's compensation insurance premiums, unemployment taxes, and Social Security taxes. Bechtel submitted to the control and supervision of a Crown employee; Bechtel wore uniforms supplied by Crown; Crown participated in the hiring process; and the service station manager (a Crown employee) signed the weekly timesheets and had the authority to transfer Bechtel to another station or to terminate her employment. While working for Crown, Bechtel was injured. She obtained workmen's compensation benefits from Pep and then sued Crown directly. Crown moved for a summary judgment, arguing that it was Bechtel's employer within the meaning of § 25-5-53, supra, and, therefore, that it was immune from suit. The trial court entered a summary judgment for Crown, and this Court, applying the scintilla of evidence rule, affirmed that judgment.
Pinson's argument that the contract between APCo and Ellard, which designated him as an employee of Ellard, evidences that he was Ellard's employee and not APCo's is not persuasive. InBechtel, this Court carefully considered Bechtel's contention that because she was contractually designated as Pep's employee she could not be Crown's employee. We concluded:
 "Certainly, there is substantial evidence that Pep was Bechtel's employer; however, this evidence is not evidence that Crown was not Bechtel's employer, because both Pep and Crown could, under certain fact situations, be considered co-employers of Bechtel — Pep as general employer and Crown as special employer. Terry v. Read Steel Products, 430 So.2d 862 (Ala. 1983); 1 A. Larson, The Law of Workmen's Compensation, § 48 (1983)."
495 So.2d at 1054 (emphasis in original).
In a similar vein, we find unpersuasive Pinson's contention that Ellard's on-site supervision of its workers evidenced that APCo was not his employer. It is undisputed that APCo retained control of the manner or methods of work performed by the workers hired by Ellard and that Pinson submitted to APCo's control and supervision of his work.
The undisputed material facts in this case show, as a matter of law, an implied contract of employment between Pinson and APCo. We hold, therefore, that APCo, was immune from suit under § 25-5-53, supra, and thus was entitled to a judgment as a matter of law.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.