John Rhodes sued Alabama Power Company, alleging that he was injured as a result of Alabama Power's negligence in failing to maintain the premises where Rhodes was working. Alabama Power asserted that, pursuant to Ala. Code 1975, § 25-5-53, it was immune from such an action under the "special employer" doctrine and, therefore, was entitled to a summary judgment. Rhodes appeals from a summary judgment in favor of Alabama Power. We affirm.
Alabama Power entered into a detailed agreement with Sullivan, Long and Hagerty ("Sullivan"), a contractor that had served as a labor broker for Alabama Power since 1974, primarily for the provision of laborers to perform construction services at Alabama Power's J. H. Miller, Jr., Steam Plant in Jefferson County. When Alabama Power was in need of laborers, it would notify Sullivan of that need. Sullivan would then notify the local union of the need, and the union would refer laborers to Sullivan. It is undisputed that Rhodes, a painter foreman, is an employee of Sullivan.
On July 3, 1989, Rhodes was injured at the Miller Steam Plant when he slipped and fell while descending stairs that he alleged were wet and located in a poorly illuminated area. Following the accident, Rhodes sued Sullivan in the Jefferson County Circuit Court for workmen's compensation benefits. However, in the present action, Rhodes is seeking damages from Alabama Power for its alleged negligence on the date Rhodes was injured. The trial court's order stated, in pertinent part, the following:
 "This Court concludes as a matter of law the defendant Alabama Power Company contractually reserved the right of control and supervision over the work and activities of the plaintiff John Rhodes, who, on the occasion of the accident, was working as a foreman. The Court further finds that John Rhodes submitted to the supervision and control of Alabama Power Company and that the work that *Page 28 
he was performing was that of Alabama Power Company. Accordingly, the Court concludes the elements of the special employer defense have been met and that summary judgment is due to be granted in favor of Alabama Power Company based upon the immunity provisions of the Worker's Compensation law of Alabama."
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. The rule requires the trial court, in order to enter a summary judgment, to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
 " 'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quotingSchoen v. Gulledge, 481 So.2d 1094, 1096-97 (Ala. 1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala. 1986). See also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990).
Because this action was not pending on June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that Rhodes meet his burden by "substantial evidence." Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence test the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Fla., 547 So.2d 870, 871 (Ala. 1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." Schwarzer, Summary Judgment Under theFederal Rules: Defining Genuine Issues of Material Fact,99 F.R.D. 465, 481 (1982).
Under Alabama law, "an action brought under our Workmen's Compensation Act is the exclusive remedy in situations where the employee sues his employer for injury in the course of his employment." Parker v. Thyssen Mining Constr., Inc.,428 So.2d 615, 617 (Ala. 1983); Ala. Code 1975, § 25-5-53. The "exclusive remedy" provision of the Alabama Workmen's Compensation Act has been extended to include "special employers," described as "individuals or businesses who, for practical purposes, may be considered primary or co-employers of the injured employee."Tweedy v. Tennessee Valley Auth., 882 F.2d 477, 479 (11th Cir. 1989) (construing Alabama's Workmen's Compensation Act).
In Marlow v. Mid South Tool Co., 535 So.2d 120 (Ala. 1988), this Court stated:
 "In what has come to be taken as a statement of the test for establishing a special employer's right to rely on the exclusivity of the workmen's compensation remedies, this Court quoted [in Terry v. Read Steel Prods., 430 So.2d 862, 865
(Ala. 1983),] the following test from 1C A. Larson, The Law of Workmen's Compensation, § 48 (1980):
 "When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if *Page 29 
"(a) the employee has made a contract of hire, express or implied, with the special employer;
 "(b) the work being done is essentially that of the special employer; and
 "(c) the special employer has the right to control the details of the work. "When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation."
535 So.2d at 123 (quoting Terry v. Read Steel Prods.,430 So.2d 862, 865 (Ala. 1983)). See also Pinson v. Alabama Power Co.,557 So.2d 1236 (Ala. 1990); Means v. International Sys., Inc.,555 So.2d 142 (Ala. 1989); Bechtel v. Crown Cent. PetroleumCorp., 495 So.2d 1052 (Ala. 1986); Pettaway v. Mobile PaintMfg. Co., 467 So.2d 228 (Ala. 1985).
Rhodes apparently does not dispute the satisfaction of the first two elements of the "special employer" doctrine. His argument is limited to the third element, Alabama Power's right to control the details of his work. Rhodes contends that there are genuine issues of material fact as to whether Alabama Power reserved the complete right to control Sullivan employees. In essence, he argues that because Sullivan retained a right to control its employees, Alabama Power did not have such a right. We are unable to agree with this contention. The third element of the "special employer" doctrine recognizes that both the general employer and the special employer may have concurrent rights to control the employee of both employers. The focus is on whether "the special employer has the right to control the details of the work" of the employee, not which of the employers has such a right. Terry, 430 So.2d at 865 (emphasis added).
We believe that, although Sullivan may have had some right of control as well, Alabama Power clearly had the right to control the details of Rhodes's work. The contract between Alabama Power and Sullivan included the following pertinent provision:
 "All work and activities of the craft labor, foremen and supervisors and other personnel of [Sullivan] at the Project shall be coordinated and scheduled by [Alabama Power] and shall be performed under the direct supervision and control of [Alabama Power]."
Moreover, affidavits of two Alabama Power employees, one of whom developed the contract between Alabama Power and Sullivan and the other a supervisor of Rhodes, clearly described a relationship between Sullivan employees and Alabama Power that was characterized by Alabama Power's control over Rhodes's work. Although a foreman, Rhodes was under the direct supervision of an Alabama Power employee. We believe that this fact is highly indicative of Alabama Power's right to control the work of Sullivan employees. Further, in his deposition, Rhodes stated that Sullivan did not instruct its employees with regard to their work. He expressly stated that Alabama Power supervised the Sullivan employees and that the employees received all of their work instructions from Alabama Power.
We conclude that Rhodes failed to present substantial evidence that Alabama Power was not his special employer. Alabama Power is immune from Rhodes's action against it, under Ala. Code 1975, § 25-5-53, and therefore was entitled to a judgment as a matter of law. Accordingly, the summary judgment is affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.