In September 1997, Beverly Thomas (the "worker") sued Bakers Industrial, a division of Sonoco Product Company, Inc. (the "company"), alleging that the company had fired her in retaliation for her filing a workers' compensation claim. Her action, based on Ala. Code 1975, § 25-5-11.1, sought compensatory and punitive damages. The court entered a summary judgment for the company, and the worker appealed. The supreme court transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870
(Ala. 1989), and Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794 (Ala. 1989), for a discussion of the application of the substantial evidence rule.
Under Alabama law, an employment contract is ordinarily terminable at will by either party, with cause or without cause, and for even no reason or a bad reason. Hoffman-La Roche, Inc. v. Campbell, 512 So.2d 725 (Ala. 1987). Section 25-5-11.1 provides an exception to the employee-at-will rule, to prevent a dismissal based only on the fact that the employee has filed a workers' compensation claim. Culbreth v. Woodham Plumbing Co.,599 So.2d 1120 (Ala. 1992). Our Supreme Court has interpreted §25-5-11.1 in this manner:
 "We hold that a [worker] may establish a prima facie case of retaliatory discharge by proving that he was `terminated' because he sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant [company] to come forward with evidence that the [worker] was terminated for a legitimate reason, whereupon the [worker] must prove that the reason [given by the company] was not true but a pretext for an otherwise impermissible termination."
Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369
(Ala. 1988). This court has further held that "an essential element of a retaliatory discharge claim is the [worker's] willingness and ability to return to work." Consolidated Stores, Inc. v. Gargis, 686 So.2d 268, 273 (Ala.Civ.App. 1996).
The trial court stated two reasons for entering the summary judgment for the company. The trial court found that the worker had not been employed by the company, but, rather, by A.J. Associates, a temporary-employment agency. The trial court also found that the worker had filed her claim for workers' compensation benefits against the temporary agency, instead of the company. The trial court stated that either of these two findings precluded the worker's retaliatory-discharge claim.
The worker argues that a genuine issue of material fact exists as to whether she was an employee of the company or of the temporary agency. The question of who is a worker's employer is determined by looking to see who has reserved a right of control over the worker's work. American Tennis Courts, Inc. v. Hinton,378 So.2d 235 (Ala.Civ.App. 1979). The worker presented evidence indicating that the company, and not the temporary agency, reserved the right of control over her work. The worker was trained by the company, and she was required to follow the company's safety rules and regulations. Dawn Henderson, the company's site coordinator, testified that no representatives of the agency had entered the company's *Page 471 
premises to direct the work of the temporary employees it sent to the company. The company argues that, because the agency listed the worker as its employee and issued the checks that paid her salary, the worker should be deemed, as a matter of law, to be an employee of the agency.
The supreme court has held a temporary employee, such as the worker in this case, to be within the definition of the term "employee" as it is defined by the Workers' Compensation Statute. Marlow v. Mid South Tool Co., 535 So.2d 120 (Ala. 1988) (holding that a worker was an employee of the company that had hired her services through a temporary-employment agency); Pettaway v. Mobile Paint Mfg. Co., 467 So.2d 228 (Ala. 1985) (same). Therefore, the summary judgment cannot be supported by the trial court's conclusion that the worker was not the company's employee.
However, we conclude that the summary judgment for the company was, nonetheless, proper, because it is clear that the worker cannot prove a retaliatory discharge. She did not file a workers' compensation claim against the company. It is undisputed that the worker filed her workers' compensation claim against the temporary-employment agency, not the employer she has sued. She is precluded from suing the company on the basis of a retaliatory discharge, because she filed no workers' compensation claim against it; filing such a claim against the company would be an essential element of a retaliatory-discharge cause of action. See Twilley. Therefore, the summary judgment is due to be affirmed.
AFFIRMED.
Robertson, P.J., and Yates and Thompson, JJ., concur.
Monroe, J., concurs in the result.