CRAWLEY, Judge,
concurring in the result.
I agree that an issue of fact remains as to who is Street’s employer, the local church or the North Alabama Conference. However, I conclude that the per curiam opinion has applied the incorrect test for deciding that issue. Our supreme court has held that the “right of control test” determines whether a worker is an employee and subject to the Workers’ Compensation Act or whether a worker is an independent contractor and not subject to the Act. Ex parte Stewart, 518 So.2d 118 (Ala.1987). The supreme court further held that the “right of control” test is not the appropriate test where, as in this case, the worker is definitely an employee of some entity and the issue is which entity. Id.
There is no dispute that Street was an employee of either the local church or the North Alabama Conference. There was never any allegation that Street was an independent contractor, i.e., was self-employed and not working for either the local church or the North Alabama Conference. The supreme court reasoned that in this kind of case, the “right of control” test of American Tennis Courts v. Hinton, 378 So.2d 235 (Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala.1979), may be inconclusive. In Stewart, the supreme court reasoned as follows:
“Inherent in the Court of Civil Appeals’ application of the ‘control’ test is the assumption that a worker can have only one master for the purposes of the [workers’] compensation law. Whatever validity this assumption might have had at common law, in cases involving [workers’] compensation, such an assumption ignores both the realities of the workplace and the teachings of precedent.*
“For instance, in the case of general and special employers, we have indicated that both the general and the special employer may be liable for [workers’] compensation, even though only the special employer actually controlled the details of the employee’s work. See Bechtel v. Crown Central Petroleum Corp., 495 So.2d 1052 (Ala.1986) (dictum); Terry v. Read Steel Products, 430 So.2d 862 (Ala.1983) (dictum). Moreover, in Terry, we expressly noted that the control test need not be dispositive in determin *1172 ing employer-employee status in cases involving general and special employers. See id., at 864. Thus, our precedent recognizes that compensation liability may extend to multiple employers and that the ‘control’ test has limitations in such situations.
“Another typical employment relationship which demonstrates the limitations of the control test is that of ‘joint employment.’ Professor Larson’s comments on this relationship are instructive:
[[Image here]]
“ ‘Joint employment is possible, and indeed fairly common, because there is nothing unusual about the coinciding of both control by two employers and the advancement of the interests of two employers in a single piece of work....’
“1C A. Larson, Workmen’s Compensation Law, § 48.42, at 8-511 (1986). Professor Larson’s description of joint employment determines the sometimes indeterminate nature of the ‘control’ test. Where there is evidence of a measure of control over an employee by two or more putative employers, a finding of ‘control’ and liability in just one of them would be obviously erroneous. As a logical matter, ‘control’ cannot properly be used to establish the compensation liability of one employer as opposed to the other in such a situation. Cf. Bechtel v. Crown Central Petroleum Corp., 495 So.2d 1052, 1054 (Ala.1986) (even ‘substantial’ evidence of an employment relationship with a party in the position of a general employer cannot, of itself, negate the existence of a co-extensive employment relationship with a party in the position of a special employer).
[[Image here]]
“Consequently, in cases such as this, the finder of fact should concentrate, not solely on control, but also on additional indicia of the employment relationship in determining an employee’s status.
518 So.2d at 120-21 (emphasis added).
The court in Stewart also examined the “actual contract for hire” to examine to what extent and in what manner the employee was “bound” to each employer. Id. at 121. The court also rejected as determinative other absolute tests, such as which employer had the right to fire the employer and which employer paid the employee. Id.
My review of the record in this case indicates that issues of fact remain as to whether Street was the employee of the local church, the North Alabama Conference, or both (see the discussion above in Stewart regarding “joint employers”). Therefore, I concur in the result.
THOMPSON, J., concurs.

 “The law of master and servant, as it applies to the concept of respondeat superior, often requires a stricter identification of the servant's master for the purpose of imposing vicarious liability. See Williams v. Tennessee River Pulp & Paper Co., 442 So.2d 20 (Ala.1983). In such cases, therefore, it is possible that a servant with two or more possible 'masters' would nevertheless be considered the servant of just one for the purpose of imputing liability to that master. We have, however, expressly rejected any one-to-one correspondence between compensation cases and the common law in the application of the law of master and servant, recognizing that compensation cases require a broader conception of the employer-employee relationship .... ”