Michael Chambers and Watha Chambers (hereinafter together referred to as "the plaintiffs") filed a complaint alleging retaliatory discharge and intentional infliction of emotional distress against Advance Processing Systems d/b/a Snelling Personnel Services ("Snelling") and The Hon Company ("Hon"). The plaintiffs later amended their complaint to allege against Hon a claim of negligent or wanton failure to maintain a safe work environment.
Snelling moved for a summary judgment on the plaintiffs' claims against it. On November 6, 2001, the trial court entered a summary judgment in favor of Snelling on the plaintiffs' claims. Hon then filed a motion for a summary judgment on all of the plaintiffs' claims against it; the trial court granted that motion on May 2, 2002. The plaintiffs appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
A motion for a summary judgment is properly granted where no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Bussey v. John DeereCo., 531 So.2d 860 (Ala. 1988). After the moving party makes its prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794 (Ala. 1989). To carry that burden, the nonmoving party is required to present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989). In reviewing a summary judgment, this court must view the evidence in a light most favorable to the nonmoving party, and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact in favor of the nonmovant. Hanners v. Balfour Guthrie,Inc., 564 So.2d 412 (Ala. 1990).
The record indicates the following. Michael Chambers (hereinafter "Chambers") began working for Snelling, a temporary-employment agency, on September 8, 1998. In September 1999, Snelling assigned Chambers to work at Hon. It is undisputed that Hon controlled the manner in which Chambers performed his job duties for Hon.
On September 18, 1999, while working at Hon, Chambers was struck by a moving forklift. Chambers suffered an injury to his nose and knee as a result of that accident; he later also claimed to have suffered an injury to his neck as a result of that accident. Chambers filed a claim for, and received, workers' compensation benefits from Snelling.
As a result of his on-the-job injury, Chambers was absent from work until October 1999. In October 1999, Chambers returned to work for Snelling and was assigned to work at Hon on a light-duty basis; he worked a light-duty job for approximately one month. Chambers then attempted to return to full-duty work, but he was unable to perform his regular job duties for Hon.
Snelling and Hon maintain that on several occasions in November and December 1999, Chambers did not show up for work *Page 987 
at Hon and did not telephone either Snelling or Hon to inform either employer that he would not be at work. Snelling's employee policy requires its employees to inform Snelling when they are unable to work so that Snelling can make arrangements to provide another worker for its clients. Chambers testified in his deposition that he missed work in order to attend physical therapy sessions and that he had informed Hon each time he had to miss work.
In early December 1999, Hon telephoned Snelling and informed it that Chambers had, on December 2, 1999, and December 3, 1999, failed to show up for work and had not telephoned to notify Hon that he would not be at work. Hon asked Snelling not to assign Chambers to work for Hon any longer. In support of its motion for a summary judgment, Snelling submitted a document that stated that Chambers had failed to inform it or Hon of several of his absences from work and that instructed Chambers to call Snelling in the future if he was unable to go to a work assignment; that document was dated December 6, 1999, and it was signed by Chambers.
After Hon asked Snelling not to assign Chambers to work for it, Snelling reassigned Chambers to work for a different company, Mantle Craft. However, Chambers worked at Mantle Craft for only one day. Chambers stated that he was unable to tolerate the work environment at Mantle Craft because paint fumes present at the Mantle Craft workplace aggravated his migraine headaches. Chambers contends in his brief on appeal that those headaches originated with his September 18, 1999, on-the-job injury. Chambers alleges that Snelling did not try to find him any further employment. Snelling contends that Chambers did not telephone to inform Snelling when he was available and willing to accept work assignments.
Chambers's wife, Watha Chambers (hereinafter "Watha"), also worked for Snelling. In the fall of 1999, she worked part-time as a secretary in Snelling's office. In late November 1999, Diane McIntyre, a "co-owner" of Snelling who was Watha's supervisor, informed Watha that Snelling did not need her to work in its office during the 1999 holiday season.[1] In late December 1999, Diane McIntyre contacted Watha and offered her temporary job assignments with two of Snelling's clients. Watha testified that she refused both of those offers of employment because she had "personal differences" with Diane McIntyre, and she did not want to work for Snelling any longer.
We note that in support of their opposition to Hon's motion for a summary judgment, the plaintiffs submitted Chambers's affidavit. Hon moved to strike the affidavit. The trial court entered its summary judgment on May 2, 2002. On May 24, 2002, the trial court, apparently ex mero motu, amended its May 2, 2002, judgment to grant Hon's motion to strike Chambers's affidavit. The trial court explained that it ordered the affidavit stricken because it was not based on Chambers's personal knowledge. See Rule 56(e), Ala.R.Civ.P.
On appeal, the plaintiffs first argue that the trial court erred in entering a summary judgment on Chambers's retaliatory-discharge claims against Hon and Snelling. The plaintiffs contend that both defendants had, in violation of § 25-5-11.1, Ala. Code 1975, constructively terminated *Page 988 
Chambers's employment in retaliation for his having filed a workers' compensation claim. Section 25-5-11.1 provides:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11."
A wrongful termination under 25-5-11.1, Ala. Code 1975, has been interpreted to include a constructive termination. Twilley v. DaubertCoated Prods., Inc., 536 So.2d 1364 (Ala. 1988). Our supreme court has defined "constructive discharge" as follows:
 "`[I]f [a]n employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has encompassed a constructive discharge and is as liable for any illegal conduct involved therein as if it had formally discharged the aggrieved employee."'
Irons v. Service Merch. Co., 611 So.2d 294, 295 (Ala. 1992) (quotingJurgens v. EEOC, 903 F.2d 386, 390 (5th Cir. 1990)).
In their brief on appeal, the plaintiffs, citing Marlow v. MidSouthTool Co., 535 So.2d 120 (Ala. 1988), argue that Chambers is an employee of both Hon and Snelling and, therefore, that he may maintain a retaliatory-discharge action against both. In Marlow v. MidSouth ToolCo., our supreme court held that for workers' compensation purposes, a worker employed by a temporary-employment agency is an employee both of his "general employer," which is the temporary-employment agency, and of the "special employer," which is the employer to which the agency assigned the worker. Marlow v. MidSouth Tool Co., 535 So.2d at 123 (citing Terry v. Read Steel Prods., 430 So.2d 862 (Ala. 1983); Pettawayv. Mobile Paint Mfg. Co., 467 So.2d 228 (Ala. 1985); and Bechtel v. CrownCent. Petroleum Corp., 495 So.2d 1052 (Ala. 1986)). Given that precedent, we agree with Chambers's argument that, for the purposes of an action brought under the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975, he was an employee of both Hon and Snelling.
However, to maintain an action against both employers, Chambers must establish that he was terminated from his employment with each employer because he sought workers' compensation benefits from that employer. § 25-5-11.1, Ala. Code 1975; Thomas v. Bakers Indus., a Div. ofSonoco Prod. Co., 737 So.2d 469 (Ala.Civ.App. 1999). In this case, Chambers sought and received workers' compensation benefits only from Snelling; he did not file a claim seeking to recover benefits from Hon.
In Thomas v. Bakers Industrial, supra, this court affirmed a summary judgment in an action in which the facts were similar to those of this case. In that case, the worker was employed by a temporary-employment agency and suffered an on-the-job injury while assigned to work at another company. The worker later sued the company, alleging that she was terminated from her employment with the company in retaliation for seeking workers' compensation benefits. This court agreed with the worker's contention that the worker was, for the purposes of the Workers' Compensation Act, an "employee" of both the company and the temporary-employment agency. However, this court affirmed the trial court's summary judgment in favor of the company because the worker had sought workers' compensation benefits from the temporary-employment agency and not from the company. In so holding, *Page 989 
this court stated that the worker "is precluded from suing the company on the basis of a retaliatory discharge, because she filed no workers' compensation claim against it; filing such a claim against the company would be an essential element of a retaliatory-discharge cause of action." Thomas v. Bakers Indus., 737 So.2d at 471.
The facts of this case as they pertain to Hon are virtually identical to those of Thomas v. Bakers Industrial, supra. In order to prove a claim of retaliatory-discharge against Hon, Chambers must establish that his employment was terminated because he sought workers' compensation benefits from Hon. See § 25-5-11.1, Ala. Code 1975; Thomas v. BakersIndus., supra. Chambers did not seek workers' compensation benefits from Hon and is, therefore, unable to prove an essential element of his retaliatory-discharge claim against Hon. See Thomas v. Bakers Indus., aDiv. of Sonoco Prod. Co., 737 So.2d at 471. We affirm the trial court's summary judgment in favor of Hon on Chambers's retaliatory-discharge claim.
The plaintiffs' argument in their brief on appeal on the issue of retaliatory discharge primarily addresses Chambers's claim against Hon. However, the plaintiffs briefly assert that there existed a factual issue that would defeat a summary judgment regarding Chambers's retaliatory-discharge claim against Snelling.
In order to defeat Snelling's properly supported motion for a summary judgment on his retaliatory-discharge claim, Chambers was required to present substantial evidence indicating that Snelling deliberately made Chambers's work environment so intolerable that he was forced to resign his employment. See Irons v. Service Merch. Co., supra. The plaintiffs cite an employer-generated report indicating that Chambers had telephoned, on four different days, to inform Snelling that he would not be at work because of either headaches or a migraine headache. After Hon no longer wanted to employ Chambers, Snelling reassigned Chambers to work at Mantle Craft. Chambers testified that he was able to work at Mantle Craft for only one day because paint fumes at that workplace aggravated his migraine headaches. The plaintiffs contend that the foregoing evidence creates a question of fact regarding whether Snelling constructively terminated Chambers's employment in retaliation for his filing against it a claim seeking workers' compensation benefits. We cannot say, however, that the above-cited evidence constitutes substantial evidence tending to indicate that Snelling knew of the paint fumes at Mantle Craft or knew that those fumes would aggravate Chambers's headaches and create an intolerable work environment for him. Thus, we must conclude that Chambers has failed to present the requisite substantial evidence indicating that Snelling "deliberately [made Chambers's] working conditions so intolerable" that Chambers was forced to resign his employment with Snelling. Irons v. Service Merch. Co., 611 So.2d at 295. We cannot say that the trial court erred in entering a summary judgment on the Chambers's retaliatory-discharge claim against Snelling.
The plaintiffs also argue in their brief on appeal that the trial court erred in entering a summary judgment in favor of Snelling on Watha's retaliatory-discharge claim. As we have already discussed, a plaintiff may prevail on a retaliatory-discharge claim only where she shows that her employer terminated her employment because she had filed a claim against it for workers' compensation benefits. See § 25-5-11.1, Ala. Code 1975; Bullion v. JMBL, Inc., 657 So.2d 834, 836 (Ala. 1995) *Page 990 
(a plaintiff presents a prima facie case of retaliatory discharge "by proving that she was terminated because she sought to recover workers' compensation benefits") Watha did not suffer an on-the-job injury, nor did she seek workers' compensation benefits from Snelling. Therefore, Watha may not prevail on her claim against Snelling made pursuant to § 25-5-11.1, Ala. Code 1975.
In their brief on appeal, the plaintiffs characterize Watha's retaliatory-discharge claim as being made pursuant to the Workers' Compensation Act, but under a theory derived from the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12101 et seq. Under the ADA, an employer may not discriminate against an employee on the basis that the employee is related to or associated with a person who is considered to be disabled under the ADA. 42 U.S.C. § 12112(b)(4);Hilburn v. Murata Elecs. N. America, Inc., 181 F.3d 1220 (11th Cir. 1999). The plaintiffs have not asserted a claim under the ADA. In their argument on this issue, the plaintiffs briefly contend that this court should adopt an "association discrimination" cause of action under §25-5-11.1 of Alabama's Workers' Compensation Act similar to the cause of action available under 42 U.S.C. § 12112(b)(4) of the ADA. However, the Workers' Compensation Act does not provide for a retaliatory-discharge cause of action for a person who is related to worker who has filed a workers' compensation claim. It is the function and duty of the Legislature, and not of the courts, to determine whether to expand the Workers' Compensation Act to create such a cause of action. This court may not judicially create a cause of action such as the one advocated by the plaintiffs. Given the argument in the plaintiffs' brief on appeal, we cannot say the trial court erred in entering a summary judgment in favor of Snelling on Watha's claim alleging retaliatory discharge.
The plaintiffs also argue that the trial court erred in entering a summary judgment on Chambers's claims alleging negligence and/or wantonness on the part of Hon. In the plaintiffs' amended complaint, Chambers contended that Hon had negligently or wantonly failed to provide him a safe workplace in violation of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. In their brief on appeal, the plaintiffs cite facts set forth in Chambers's affidavit submitted in opposition to Hon's motion for a summary judgment as evidence that supports Chambers's claim on this issue. However, the trial court ordered that Chambers's affidavit be stricken because it was not based on Chambers's personal knowledge. See Ex parte Head, 572 So.2d 1276 (Ala. 1990) (affidavits made pursuant to Rule 56(e), Ala.R.Civ.P., must be based on the personal knowledge of the affiant).
In their brief on appeal, the plaintiffs assert only in passing that the trial court improperly struck Chambers's affidavit. The plaintiffs make no distinct argument on appeal that the striking of that affidavit was in error, and they cite no authority to support such an argument, in contravention of Rule 28(a)(10), Ala.R.App.P. Therefore, this court will not consider the propriety of the trial court's ruling striking Chambers's affidavit. See Ex parte Riley, 464 So.2d 92 (Ala. 1985);Boshell v. Keith, 418 So.2d 89 (Ala. 1982). Given the plaintiffs' failure to demonstrate that the trial court erred in ordering Chambers's affidavit stricken, we may not consider the assertions set forth in that affidavit in our review of this appeal. The record contains no other evidence pertaining to Chambers's claim alleging negligent or wanton failure to maintain a safe workplace. There being no other evidence in *Page 991 
the record to support Chambers's argument that Hon failed to provide him a safe workplace, this court must affirm the trial court's summary judgment in favor of Hon on this issue.
The plaintiffs have failed to demonstrate that the trial court erred in entering a summary judgment in favor of Snelling and Hon. Therefore, we affirm the summary judgment.
AFFIRMED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur.
[1] The record does not indicate the nature of Diane McIntyre's ownership interest in Snelling.